Vincent A. Lupiano, J.
This is a motion pursuant to section 237-a of the Civil Practice Act to set aside the service of process in this matrimonial action because the summons and complaint were served on Sunday.
*862 The defendant appears specially and alleges that he was served with the summons and complaint in Augusta, Georgia, on Sunday, January 13, 1957. He does not deny that the service, made pursuant to section 235 of the Civil Practice Act, would have given this court proper jurisdiction if it had not been made on that day of the week. The plaintiff, on the other hand, admits the date of service but submits an affidavit from a deputy sheriff of Augusta who merely states that it has been his practice to serve civil process on Sunday.
Section 235 of the Civil Practice Act provides.in part: “ A defendant * * * may be served with the summons without an order, without the state in the same manner as if such service were made within the state ”. (Emphasis added.)
Section 5 of the Judiciary Law of New York states “ A court shall not be open or transact any business on Sunday ’ \
Section 2148 of the Penal Law of New York states “ All service of legal process, of any kind, whatever, on the first day of the week is prohibited * * * Service of any process upon said day except as herein permitted is absolutely void for any and every purpose whatsoever ”.
It has been consistently held that the above section refers to civil process (Hastings v. Farmer, 4 N. Y. 293; Van Vechten v. Paddock, 12 Johns. 178; Taft v. Delsener, 175 Misc. 894; Di Perna v. Black, 187 Misc. 437).
If this action were commenced by service of the summons and complaint in New York State on Sunday such service would be void. Since section 235 of the Civil Practice Act provides for service of process outside the State as if it were made within the State it follows that service in Georgia on Sunday is also void.
The plaintiff claims that there is no statute in Georgia which prohibits service on Sunday. However, the converse is also true. The Legislature of Georgia has not indicated that process on Sunday is permitted. Assuming there were such a statute the courts of this State would not be bound to follow. For, as Mr. Justice Steuer stated in Pickford v. Kravetz (206 Misc. 539, 540-541): “ This State has ever been jealous of its standards of service. * * * So the conclusion is reached that
the courts of this State would not recognize jurisdiction over a defendant upon which process was served in a less direct way than our statute provides merely because the method used was proper in another forum which admittedly did not have jurisdiction and hence could not rightfully prescribe the method.” (See, also, Matter of National City Bank v. Desz, 281 N. Y. 430.)
*863 Moreover, Georgia common law has held Sunday to be dies non juridicus (Sawyer v. Cargile, 72 Ga. 290; Blizzard v. Blizzard, 62 Ga. App. 244; Chafin v. Tumlin, 20 Ga. App. 433).
The motion to set aside the service of the summons and complaint is granted. Settle order.