OPINION OF THE COURT
Jack Turret, J.
In this paternity proceeding a question as to the applicability of the long-arm provision of CPLR article 3 is involved. The motion to reargue the court’s decision dated April 3, 1980 is granted. The court again heard counsel for both parties on May 14, 1980 at Part IV. !
Any question as to the representation of petitioner by her present attorney was resolved on the record prior to hearing reargument of respondent’s motion. Counsel’s appearance on petitioner’s behalf is effective until he is substituted pursuant to the provisions of CPLR 321. This is the decision on reargument.
This court will at the outset clarify or correct the record insofar as there are statements concerning the applicable law. *613 The petition dated February 19, 1980 alleges that the child was conceived in July, 1974, approximately one month after the effective date of CPLR 302 (subd [b]). Accordingly, no question of the retroactivity of this portion of the long-arm statute is involved.
Respondent’s attorney states that he is appearing "specially”. With the enactment in 1962 of CPLR 320, the "special appearance” was abolished. CPLR 3211 permits a motion by respondent to dismiss before the filing of an answer. In that motion, dismissal may be sought under CPLR 3211 (subd [a], par 5) on the grounds that the cause of action may not be maintained because of the Statute of Limitations, or pursuant to CPLR 3211 (subd [a], par 8) because the court has no jurisdiction of the person of the respondent. Respondent has so moved. This respondent having objected to jurisdiction under CPLR 3211 (subd [a], par 8), CPLR 320 provides that the motion need not be considered an appearance sufficient to confer personal jurisdiction. This enables the court to determine questions of jurisdiction over the person before it is required to determine any issue reaching the merits of the case, and avoids problems of res judicata that might otherwise arise. (4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.04 [citing Report of Administrative Bd of Judicial Conference of State of NY (Legis Doc, 1966, No. 90, pp 372-373)].)
The respondent need not appear and answer in order to plead the Statute of Limitations. The court notes respondent’s assertion of that defense. The petition alleging a 1975 birth was filed on February 19, 1980 and served on respondent on February 24, 1980. Section 517 of the Family Court Act requires a claim of written acknowledgment of paternity or past support in order to relieve petitioner from the two-year Statute of Limitations. The face of the sworn petition states that respondent has not acknowledged paternity, and no claim of past support is made. It would appear that the Statute of Limitations may be a meritorious defense. The court will not at this juncture for the reasons set forth above address that issue. This court is of the opinion that any ruling on the Statute of Limitations question at this time would be premature.
The only relevant question now is: does this court have personal jurisdiction over this respondent?
Jurisdiction has been challenged on a number of bases. At the outset, it is conceded that respondent was served *614 personally in Maryland pursuant to CPLR 313. Service took place on Sunday, February 24j, 1980. Service on a Sunday is not unlawful in Maryland (Ann Code of Md, 1980, Courts and Judicial Proceedings, § 6-302, subd [a]). CPLR 313 does require that service outside this State be made "in the same manner as service is made within the state.” Section 11 of the General Business Law directs that Sunday service in a civil action is "absolutely void for any and every purpose whatsoever.” Service of respondent in Maryland on Sunday does not give this court jurisdiction even if Sunday service is not prohibited in Maryland. (Hessel v Hessel, 6 Misc 2d 861; see, also, Dobkin v Chapman, 21 NY2d 490, 501.) This court would agree with Dean McLaughlin that "When service is authorized to be made outside New York, it mu!st be made in the foreign state or country as though that foreign state or country were New York.” (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C313:2, p 295.) The May 14, 1980 letter of respondent’s counsel withdraws only "that portion of my argument * * * that was predicated on the assumption — as I indicated it was — that the prohibition against service of process on Sunday, as it obtains in New York, also obtains in Maryland.” Respondent’s right to claim that service is otherwise improper is not deemed to have been waived by this letter.
On reargument the court rejects the view that jurisdiction may be exercised pursuant to CPLR 302 (subd [b]). That subdivision of CPLR 302 was added in 1974 in order to establish long-arm jurisdiction in matrimonial or Family Court proceedings involving a demand for support or alimony, where respondent no longer is \a New York resident, provided that "the obligation to pay support * * * accrued under the laws of this state” (emphasis added). The paternity petition before me is not, at this point in time, an action seeking enforcement of an existing obligation, the fact pattern contemplated by the Legislature, as indicated in the legislative bill jacket to chapter 859 of the Laws of 1974 (Report of Assemblyman Blumenthal and attached memorandum of New York County Lawyers’ Association prepared by Dr. Doris Jonas Freed) which states: "It is the unanimous opinion of this Committee that the proposed abt amending New York’s Tong-arm’ statute (CPLR § 302), which would confer personal jurisdiction over non-resident or non-domiciliary defendants or respondents in a claim by a New York resident or domiciliary *615 spouse, is constitutional and would achieve its desirable objective of making more effective the enforcement of alimony and support obligations(Emphasis added.) Assemblyman Blumenthal indicates a primary concern for cases in which a family is deserted, and for alleviating the plight of divorced, or separated women whose families might "wind up on welfare.” The memorandum speaks of the enforcement of existing court orders. Nowhere is there reference to the necessity of acquiring jurisdiction for the purpose of an initial filiation order. (See, also, 1 Weinstein-Korn-Miller, NY Civ Prac, par 302.19.) In the proceeding before me, the existence of the paternal tie is sought to be established for the first time. Only after that preliminary question of fact is determined by clear, convincing, and entirely satisfactory evidence, would respondent’s obligation have "accrued.” Black’s Law Dictionary (4th ed) lists "vested” as synonymous with "accrued”, and distinguishes an accrued or vested right with an accrued cause of action: a cause of action accrues when a suit may be maintained, i.e., on the date of the injury. Petitioner’s entitlement to support from respondent for her child clearly has not been legally established under the laws of this State.
It is to be noted that paternity proceedings, similar to divorce proceedings, have a dual nature, as both in rem proceedings involving the question of a child’s legal status, and as personal liability actions involving the father’s obligation to support. In personam jurisdiction in a paternity proceeding cannot be acquired pursuant to CPLR 302 (subd [b]) until the status and obligation have been decided at a fact-finding hearing.
The court has also considered and rejected the view that CPLR 302 (subd [a]) may confer jurisdiction. It is to be noted that New York’s long-arm statute has been amended since its initial enactment to add specific causes of action deemed constitutionally sound and desirable as matters of public policy (see discussions of legislative bill jacket, infra). However, unlike some States, New York has not added paternity proceedings to those included under its long-arm jurisdiction. Kansas, for example, provides as one basis for exercising long-arm jurisdiction: "Performing an act of sexual intercourse within the state with a person in this state which results in the conception of a child, as to an action against a person seeking to adjudge such person to be a parent of the child and as to an action to require such person to provide support for *616 the child as provided by law, if the other party to the act of sexual intercourse or the child continues to reside in this state.” (Kan Stat, § 60-308, subd [b], par [10].)
Nor is there any New York case law to support an interpretation of the act of impregnation as a "tortious act” absent an allegation of assault. (Matter of Anonymous v Anonymous, 49 Misc 2d 675.) See, also, Matter of People ex rel. (D.R.B.) (30 Col App 603, 605, affd sub nom. A.R.B. v G.L.P., 180 Col 439), in which! the Colorado Court of Appeals ruled that even if failure to support could be considered a "tortious act” within the meaning of the Colorado long-arm statute, "this does not determine the key issue * * * [B]efore a duty to support can be imposed, it must first be established that [defendant] is, in truth, the father of the child.”
Nor, despite judicial notice of respondent’s substantial revenue from his New York business activities and international commerce, may personal jurisdiction be predicated on those business dealings, as the basis of the action is unrelated to respondent’s business. "New York has a wise policy, notwithstanding its constitutional power, to refrain from imposing its jurisdiction too easily and unjustly upon nonresident individuals who would be handicapped or disadvantaged if called upon to defend an action here.” (ABKCO Inds. v Lennon, 85 Misc 2d 465, 470, affd 52 AD2d 435.) This case, unlike the Lennon case, does not justify a departure from the norm.
On reargument, the petition is dismissed, without prejudice, for lack of jurisdiction. (CPLR 3211, subd [a], par 8.) There is now no necessity for a hearing on the question of respondent’s residence, the statute having been construed to bar exercise of long-arm jurisdiction in a paternity proceeding prior to a fact finding on the issue of filiation.
In the unlikely event that this respondent never again can be found in the State of New York, this petitioner, if so advised, might proceed under the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A). The Legislature never intended that the long-arm provisions be employed to acquire jurisdiction for the purpose of establishing filiation.