OPINION OF THE COURT
Edward S. Conway, J.
This is a jurisdictional hearing ordered by the Appellate Division on review of a decision and order of the Supreme Court which denied defendant’s motion to dismiss an action brought against him for an absolute divorce.
Plaintiff maintains that jurisdiction was obtained over defendant by personal service of a summons upon him in the State of North Carolina by the Deputy Sheriff of Lee County on March 19, 1978.
However, defendant contends that as March 19, 1978 was a Sunday, the service of process on that day was in violation of the laws of the State of New York and such is absolutely void and deprives this court of subject matter jurisdiction over this action.
This court must agree with the contention of defendant. Section 11 of the General Business Law provides as follows: “All service or execution of legal process, of any kind whatever, on the first day of the week is prohibited, except in criminal proceedings or where service or execution is specially authorized by statute. Service or execution of any process upon said day except as herein permitted is absolutely void for any and every purpose whatsoever.”
*301 Here, though the service was on a nonresident defendant, section 11 of the General Business Law must be read in conjunction with CPLR 313 which requires that service outside the State be made “in the same manner as service is made within the state”.
The plaintiff’s contention, that since the law of North Carolina permits service of process on a Sunday it comes within an exception to section 11 of the General Business Law as a statute which in effect specially authorizes Sunday service, is not valid. Section 11 of the General Business Law directs that Sunday service in a civil action is “absolutely void for any and every purpose whatsoever” and service on defendant in North Carolina on Sunday does not give this court jurisdiction even if Sunday service is not prohibited there. (Matter of Anonymous v Anonymous, 104 Misc 2d 611; Hessel v Hessel, 6 Misc 2d 861; Dobkin v Chapman, 21 NY2d 490, 501.) When service is authorized to be made outside New York it must be made in the foreign State or country as though that foreign State or country were New York. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C313:2, p 295.)
Further, the prohibition against Sunday service provided in section 11 of the General Business Law is not unconstitutional as plaintiff contends. The statute is not ambiguous and is related to its avowed purpose and there is a strong presumption of constitutionality to which the statute is entitled which has not been overcome by the plaintiff.
Therefore, the motion of the defendant to dismiss this action on the grounds of defective service is granted.