4cv-006 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00006-CV







Bette J. Mayfield, Appellant



v.



Dean Witter Financial Services, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 93-05545, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING








 Appellant Bette J. Mayfield, through a petition for writ of error, appeals from a
default judgment rendered in favor of appellee, Dean Witter Financial Services, Inc. ("Dean
Witter"). The default judgment was rendered in the State of New York but filed and domesticated
in the district court of Travis County. At issue is the validity of Mayfield's service of process. 
We will affirm.



PROCEDURAL BACKGROUND


 In 1985, Mayfield executed four contracts with Dean Witter in connection with her
purchase of interests in two limited partnerships. Mayfield consented to the jurisdiction and venue
of New York courts over the subject matter of the contracts. In early 1992, Dean Witter filed suit
in New York (the "New York action") against Mayfield for collection of sums she owed to Dean
Witter under the contracts. 

 On February 11, 1992, Mayfield was personally served with the summons and
complaint for the New York action at her business address in Austin, Texas. The service was
made by Scott Thomas, a private process server employed by U.S. Legal Support. Affidavits of
proof of service were filed with the New York court on March 12, 1992. See N.Y. Civ. Prac.
L. & R. 306 (McKinney 1990). These affidavits reflected Mayfield's receipt of personal service
of the summons and complaint. See id. They included a description of Mayfield and indicated
that service was made by an authorized person. See id. Another affidavit filed with the New
York court confirmed that a copy of the summons also had been mailed to Mayfield. 

 Mayfield did not answer the New York action. Dean Witter therefore submitted
an application for default judgment to the New York court. The New York court, after reviewing
Dean Witter's application and the accompanying affidavits reflecting service of the summons on
Mayfield, rendered a default judgment against Mayfield on April 14, 1992. On May 12, 1993,
Dean Witter filed a certified copy of the default judgment and an affidavit in support of
domestication of a foreign judgment in the district court of Travis County. The New York
judgment became a Texas judgment when it was filed in the district court. Moncrief v. Harvey,
805 S.W.2d 20, 22 (Tex. App.--Dallas 1991, no writ). On November 12, 1993, Mayfield filed
her petition for writ of error seeking to set aside the default judgment for want of jurisdiction. 



DISCUSSION


 Mayfield argues in a single point of error that the default judgment is void for want
of jurisdiction because she was not validly served with process. Mayfield does not dispute that
she was personally served; instead, she argues that service by a private process server is
unavailable in a foreign action and was ineffectual in the instant case. 

 In Texas, a filed foreign judgment is subject to the same proceedings for vacating
a judgment as a judgment of the court in which it is filed. Tex. Civ. Prac. & Rem. Code Ann.
§ 35.003(c); see Moncrief, 805 S.W.2d at 22. Thus, a party may challenge a foreign judgment
by petition for writ of error. See Jack H. Brown & Co. v. Northwest Sign Co., 665 S.W.2d 219,
221-22 (Tex. App.--Dallas 1984, no writ). In attacking a default judgment by writ of error, a
party to the lawsuit who did not participate at trial has six months after the final judgment is
signed to show error on the face of the record. See Primate Constr., Inc. v. Silver, 884 S.W.2d
151, 152 (Tex. 1994); see also Tex. R. App. P. 45(b), (d); Tex. Civ. Prac. & Rem. Code Ann.
§ 51.013 (West 1986). When the final judgment is a domesticated foreign judgment, a party must
file a petition for writ of error within six months after the judgment has been filed in a Texas
court. See Northwest Sign Co., 665 S.W.2d at 222. The writ of error in the instant case was
timely filed within six months after the foreign judgment had been filed in Travis County. 

 In a writ of error attack on a default judgment, there are no presumptions in favor
of valid service of process. Primate Constr., 884 S.W.2d at 152; Uvalde Country Club v. Martin
Linen Supply Co., 690 S.W.2d 884, 885 (Tex. 1985). A judgment under direct attack must be
reversed unless jurisdiction of the court to render the judgment appears on the face of the record. 
McKanna v. Edgar, 388 S.W.2d 927, 928 (Tex. 1965); Chaves v. Todaro, 770 S.W.2d 944, 945
(Tex. App.--Houston [1st Dist.] 1989, no writ). In order for a default judgment to withstand direct
attack, strict compliance with the Texas Rules of Civil Procedure relating to the manner and mode
of service of citation must appear on the record. Primate Constr., 884 S.W.2d at 152; Uvalde
Country Club, 690 S.W.2d at 885. However, in a challenge to the jurisdiction of a foreign court,
a party may show error on the face of the record by demonstrating that service of process was
inadequate under the service of process rules of the foreign state. Minuteman Press Int'l, Inc. v.
Sparks, 782 S.W.2d 339, 340 (Tex. App.--Fort Worth 1989, no writ). 

 In the instant cause, the default judgment was rendered pursuant to New York law
and civil procedure rules. Mayfield's writ of error attacking the default judgment must thus show
error in the record relating to inadequate compliance with the service of process rules promulgated
by the State of New York. See id. Rule 313 of the New York Civil Practice Law and Rules
("CPLR 313") reads in pertinent part:



 A person . . . subject to the jurisdiction of the courts of [New York] . . .
may be served with the summons without the [S]tate [of New York] in the same
manner as service is made within the state, by any person authorized to make
service within the state who is a resident of the state or by any person authorized
to make service by the laws of the state . . . in which service is made . . . .



N.Y. Civ. Prac. L. & R. 313 (McKinney 1990) (emphasis added). Thus, to be valid, the manner
of service outside the State of New York must comply with New York rules for service within that
state. See Steiner v. Steiner, 447 N.Y.S.2d 118, 119 (N.Y. Sup. Ct. 1982) (reading CPLR 313
to require service outside of New York to be made as though the foreign state were New York);
In re Anonymous v. Anonymous, 428 N.Y.S.2d 608, 610 (N.Y. Fam. Ct. 1980) (holding that if
the manner of service would be void in New York, that same manner of service in a foreign state
does not give jurisdiction to New York courts even if the method of service is lawful in the
foreign state); Hessel v. Hessel, 164 N.Y.S.2d 519, 520 (N.Y. Sup. Ct. 1957) (construing the
predecessor rule to CPLR 313 to require the invalidation of service made in Georgia on Sunday,
even though such service was valid under Georgia law, because of the New York prohibition
against Sunday service). See also Practice Commentaries, McKinney's Consol. Laws of N.Y.
Ann., 7B Civ. Prac. L. & R., C313:2 (1990) (commenting that under CPLR 313, service in
foreign states must be treated as though in New York). Furthermore, New York law provides that
valid service of process outside the State of New York may be made by any person authorized to
serve process under the laws of the jurisdiction where service is executed. N.Y. Civ. Prac. L.
& R. 313. In summary, CPLR 313 indicates that when service of process takes place outside the
State of New York, New York law governs the manner of service while foreign state law governs
authorization of the process server. 

 We first examine whether, under Texas law, the process server in this case was
authorized to serve process and whether that authorization was sufficient to meet the requirements
of CPLR 313 for service outside the State of New York. If the face of the record shows that the
process server was not authorized by Texas law to serve process, the service is ineffectual under
CPLR 313. 

 Rule 103 of the Texas Rules of Civil Procedure is the primary rule governing
private service of process in Texas: 



 Citation and other notices may be served anywhere by (1) any sheriff or
constable or other person authorized by law or, (2) by any person authorized by
law or by written order of the court who is not less than eighteen years of age.

 

Tex. R. Civ. P. 103 (emphasis added). Accordingly, service of process by a private process
server in Texas, as opposed to a sheriff or constable, requires authorization by law or a written
order of the court. Nothing in the record reveals that the process server in the instant case was
authorized by law. We therefore examine whether he was authorized to serve process by a written
court order. "Court," as used in the Texas Rules of Civil Procedure, appears to indicate the court
in which the action at issue is pending. See, e.g., Tex. R. Civ. P. 141, 143, 165a, 166, 166a,
171, 172, 174. Thus, a literal reading of Rule 103 could in this case require a New York court
order to authorize a private process server in Texas to serve process. We decline to adopt this
literal reading because it thwarts the intent of CPLR 313 for service outside of New York State. 


 The New York rule clearly leaves the authorization of process servers to the state
where service is made. See N.Y. Civ. Prac. L. & R. 313. Keeping the mandate of CPLR 313
in mind, we recognize that if a person is authorized by a Texas court order to serve process in
Texas, the person has been authorized to serve process in accordance with the laws of the State
of Texas, namely Texas Rule of Civil Procedure 103. Although a process server's authority to
serve process may be restricted by the court order to serving process in causes of action filed in
courts of a particular Texas county, that authority to serve process, granted by court order, is
nevertheless undisputedly proper under the laws of the State of Texas. See Tex. R. Civ. P. 103. 
Because Texas Rule of Civil Procedure 103, "the law[] of the state . . . in which service is made,"
provides that a process server may be authorized by written court order, any person so authorized
is a proper person under CPLR 313 to serve process in Texas for a cause of action filed in New
York. The New York rule merely requires that a process server be authorized to make service
by the laws of the state where service is made; it does not require that the process server be
authorized by the laws of the state where service is made to serve process in a cause of action filed
in the State of New York. (1) If a process server is authorized under Texas law to serve process in
Texas, the server has been sufficiently authorized by Texas law to meet the requirement of the
New York rule.

 The parties do not dispute that pursuant to Texas Rule of Civil Procedure 103, a
standing court order authorized Scott Thomas, the private process server, to serve citation and
other notices in any lawsuit filed in the district court of Travis County in which he was not an
interested party. Affidavits on file with the New York court included in the record confirm that
Thomas was authorized by written order to serve citations. Thomas was a person authorized to
make service under the laws of Texas. We hold that he met the requirements of a proper person
to make service under CPLR 313 for service outside the State of New York. 

 In light of our holding above, we must still examine whether the manner of service
was proper in this case. Even though New York law governs the manner of service, Mayfield
argues that Texas law and Travis County local rules for proper return of service also apply. We
disagree. The New York rule for service outside the state incorporates New York law regarding
manner of service. N.Y. Civ. Prac. L. & R. 313. In this respect, we note that New York law
authorizes service on a natural person by personal delivery. See N.Y. Civ. Prac. L. & R. 308
(McKinney 1990). We also recognize that New York law requires proof of service in the form
of affidavits when service is made by any person other than a sheriff or other authorized public
officer. See N.Y. Civ. Prac. L. & R. 306(d). Affidavits complying with the New York proof
of service rule were filed with the New York court in this case and are included in the record
before us. (2) We decline to apply Texas service of process restrictions since the plain language of
the New York rule indicates that New York law, not Texas law, controls. As such, we hold that
the manner of service in this case was proper pursuant to New York law. Mayfield's point of
error is overruled.




CONCLUSION


 Since Thomas was authorized by written court order to serve process in Texas and
since the manner of service was proper under New York law, we overrule Mayfield's point of
error and affirm the judgment of the district court. 



 

 Marilyn Aboussie, Justice

Before Justices Aboussie, Kidd and B. A. Smith

Affirmed

Filed: March 1, 1995

Publish


1. Appellant contends that a private Texas process server cannot serve process in actions begun
in another state. She cites no authority in support of this proposition, therefore we need not
address this contention. See Trenholm v. Ratcliff, 646 S.W.2d 927, 934 (Tex. 1983) (holding that
failure to cite authorities relied upon constitutes waiver of point of error).
2. The affidavits reflect the date and time of the personal delivery of the summons and
complaint to Mayfield. See N.Y. Civ. Prac. L. & R. 306(a). The affidavits also include a
description of Mayfield including her sex, skin color, hair color, approximate age, and
approximate weight and height. See N.Y. Civ. Prac. L. & R. 306(b). Moreover, the affidavits
allege that service was made by a person authorized by a written order to serve citations and other
notices. See N.Y. Civ. Prac. L. & R. 306(a).