

NUMBER 13-15-00498-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **OSVALDO GARCIA, INDIVIDUALLY AND D/B/A CLUB ANARCHY,** | **Appellant,** |
| **v.** | |
| **THOMAS TESTER,** | **Appellee.** |

### On appeal from the 357th District Court of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion by Justice Garza

In this restricted appeal, appellant Osvaldo Garcia, individually and d/b/a Club Anarchy, contends by three issues that the trial court erred by rendering a no-answer default judgment in favor of appellee Thomas Tester in a negligence suit arising from a traffic accident. We affirm in part and reverse and remand in part.

## I. BACKGROUND

On the evening of November 17, 2013, Tester was struck by a vehicle driven by Michael E. Guerrero while standing on a street corner in Brownsville, Texas. The following month, Tester filed suit in the 357th District Court of Cameron County against Guerrero and "SGBAK Inc. d/b/a Anarchy Club" ("SGBAK"). Tester alleged in his original petition that, on the night in question, Guerrero had patronized Anarchy Club ("Anarchy"), a bar serving alcoholic beverages; that Guerrero was intoxicated at the time he struck Tester; and that Anarchy employees had continued to serve alcohol to Guerrero even though Guerrero "was already visibly intoxicated." *See* TEX. ALCO. BEV. CODE ANN. § 2.02(b) (West, Westlaw through 2015 R.S.).[1] Tester alleged that he suffered multiple broken bones and severe lacerations, including "the tearing of facial appendages," as a result of the incident.

SGBAK filed a verified answer generally denying the allegations and noting in particular that, on August 30, 2013, it sold Anarchy to Garcia. SGBAK's verified answer was filed pro se by Stephen Bejarano, a corporate officer and registered agent for SGBAK.

On June 3, 2014, Tester filed an amended petition adding Bejarano and Garcia as

---

[1] The Texas Dram Shop Act provides in part:

Providing, selling, or serving an alcoholic beverage may be made the basis of a statutory cause of action under this chapter . . . upon proof that:

    (1)   at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and

    (2)   the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

TEX. ALCO. BEV. CODE ANN. § 2.02(b) (West, Westlaw through 2015 R.S.).

defendants. Both were named in their individual capacities and "d/b/a Anarchy Club." The amended petition made the same allegations as the original petition and additionally asserted that Garcia is a "purchaser/co-owner" of the bar. Bejarano filed an answer in his individual capacity generally denying the allegations and asserting that he was an improper party to the suit.

On August 28, 2014, Tester filed a motion for no-answer default judgment as to Garcia, noting that Garcia had not filed an answer to the amended petition. Attached as exhibits to the motion were: (1) hospital records documenting over $400,000 in charges incurred between November 17 and December 18, 2013; and (2) an affidavit by a private process server stating that he served Tester's amended petition on Garcia at the address provided in the petition on June 12, 2014. A hearing on Tester's motion for no-answer default judgment took place on September 4, 2014, but Garcia did not appear. No testimony was taken at the hearing, but Tester's counsel offered the hospital records into evidence. The trial court took the matter under advisement and asked counsel to prepare a proposed judgment that included interest calculations.

On November 24, 2014, the trial court rendered default judgment against Garcia, awarding Tester $2,223,952.14 in damages[2] along with pre- and post-judgment interest. The trial court then granted Tester's motion to sever his claims against the other defendants into a separate cause number, thereby rendering the default judgment against Garcia final. This restricted appeal followed.

---

[2] The judgment awarded $452,895 in damages for past medical expenses, $400,000 for past disfigurement, $450,000 for past pain and suffering, and $400,000 for future disfigurement. The judgment also awarded an additional $400,000 in damages for "past [sic] pain and suffering." This latter award was presumably intended to compensate for future pain and suffering.

## II. RESTRICTED APPEAL

To prevail in a restricted appeal, an appellant must establish that: (1) notice of the restricted appeal was filed within six months after the judgment was signed; (2) appellant was a party to the underlying lawsuit; (3) appellant did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

Here, the first three elements are undisputed; therefore, the only issue is whether error is apparent on the face of the record. The face of the record consists of the reporter's record and all the papers in the clerk's record filed prior to final judgment. *Davenport v. Scheble*, 201 S.W.3d 188, 193 (Tex. App.—Dallas 2006, pet. denied) (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)).

## III. DISCUSSION

Garcia argues by three issues that error appears on the face of the record. He asserts in particular that: (1) there is no evidence in the record that the private process server was authorized to serve citations under Texas Rule of Civil Procedure 103; (2) Tester's amended petition "failed to assert or give fair notice of any claims or liability against" him; and (3) the evidence adduced at the default judgment hearing was legally insufficient to support the judgment.

## A.    Service of Process

We first consider whether the record shows that the process server was authorized to serve the citation on Garcia pursuant to Texas Rule of Civil Procedure 103. The rule provides in relevant part as follows:

> Process—including citation and other notices, writs, orders, and other papers issued by the court—may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court. . . . But no person who is a party to or interested in the outcome of a suit may serve any process in that suit, and, unless otherwise authorized by a written court order, only a sheriff or constable may serve a citation in an action of forcible entry and detainer, a writ that requires the actual taking of possession of a person, property or thing, or process requiring that an enforcement action be physically enforced by the person delivering the process.

TEX. R. CIV. P. 103.

The construction of procedural rules is a legal question and is subject to de novo review. *In re OneWest Bank, FSB*, 430 S.W.3d 573, 577 (Tex. App.—Corpus Christi 2014, no pet.) (citing *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding)). We first look to the plain language of the rule and construe it according to its plain or literal meaning." *Id.* (citing *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 579 (Tex. 2012)).

"Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand attack on appeal." *Ins. Co. of the State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009). Failure to affirmatively demonstrate strict compliance with the rules of civil procedure renders the attempted service of process invalid and of no effect. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 693 (Tex. App.—Corpus Christi 2000, pet. denied) ("[A] default judgment is improper against a defendant who has not been served in strict compliance

5

with the law, accepted or waived service, or entered an appearance."); TEX. R. CIV. P. 124. In a restricted appeal, there are no presumptions in favor of valid issuance, service, and return of citation. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006).

Here, Tester attached to his motion for default judgment a return of service and affidavit executed by Rogerio G. Lopez, a private process server. The affidavit indicates that Lopez personally served Tester's amended petition upon Garcia on June 12, 2014. The affidavit further states:

> I, Rogerio G. Lopez, am over the age of eighteen, and am neither a party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE FACTS SET FORTH ABOVE. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state OR federal jurisdiction, and I have studied and am familiar with the TEXAS RULES OF CIVIL PROCEDURES, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES CODE and all other applicable rules and statues [sic] relating to service of citation and/or notices. *I am authorized by written order of a court in this county to serve citations and other notices.*

(Emphasis in original.) Garcia argues that the affidavit is insufficient because it stated merely that Lopez was authorized by a written order of "a court in this county" rather than by "a written order of *the* court" as required by the rule. TEX. R. CIV. P. 103 (emphasis added). He contends that, according to the plain language of the rule, a private process server in a given case must be authorized by a written order of the particular court in which that case is pending.

In response, Tester contends that construction of the statute in this manner "defeats the underlying purpose of the rule by creating the extra burden of obtaining an ex parte hearing and order rather than relieving the pressure on the sheriff's department by allowing persons who meet the Texas Supreme Court's requirements to effect service." *See id.,* cmt. to 2005 rule change ("The rule is amended to include among the

6

persons authorized to effect service those who meet certification requirements promulgated by the Supreme Court and to prohibit private individuals from serving certain types of process unless, in rare circumstances, a court authorizes an individual to do so.").[3]

We disagree with Garcia's assertion that the affidavit was insufficient. Lopez's averment that he is authorized "to serve citations and other notices" is sufficient to show that he was, in fact, authorized under Rule 103 to serve process in this case. *See Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (noting that "[t]he return of service . . . has long been considered prima facie evidence of the facts recited therein," and that "[t]he recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party"); *see also Brown v. Clark Cincinnati, Inc.*, No. 02-02-00378-CV, 2003 WL 22147555, at *5 (Tex. App.—Fort Worth Sept. 18, 2003, no pet.) (mem. op.) (finding private process server's affidavit stating "I . . . have been authorized by the Denton County Courts to serve process for Denton County" sufficient to show authorization under Rule 103); *Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 694 (Tex. App.—Corpus Christi 2000, pet. denied) ("The rules of civil procedure do not require any specific wording to be included within the court's order authorizing service in order to be in compliance with the procedural rules.").

---

[3] Tester also attaches as an appendix to his appellee's brief a copy of an "Order to Serve," rendered by the presiding judge of the 138th District Court of Cameron County and dated August 11, 2003, stating that Lopez is "authorized to serve citations, other notices and process issuing out of the District courts of Cameron County except in a suit in which he or she may be a party or interested in the outcome." We do not consider this document in our analysis because it is not part of the appellate record. *See* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."); *Arbor E & T, LLC v. Lower Rio Grande Valley Workforce Dev. Bd., Inc.*, 476 S.W.3d 25, 29 (Tex. App.—Corpus Christi 2013, no pet.) (noting that, except for the purpose of determining our own jurisdiction, we "cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal").

7

Further, Garcia cites no authority, and we find none, supporting his construction of the rule. Instead, the only court of appeals to have considered this issue reached a contrary result. *See Mayfield v. Dean Witter Fin. Services, Inc.*, 894 S.W.2d 502 (Tex. App.—Austin 1995, writ denied). In *Mayfield*, the Austin court of appeals considered whether service of a New York lawsuit upon a Texas defendant by a Texas-based private process server was proper. *Id.* at 504–506. The appellant argued that the service was invalid because the process server had not been authorized by the New York court—i.e., the court in which the lawsuit was filed. *Id.* The court observed that "'Court,' as used in the Texas Rules of Civil Procedure, appears to indicate the court in which the action at issue is pending." *Id.* at 505 (citing TEX. R. CIV. P. 141, 143, 165a, 166, 166a, 171, 172, 174). Thus, the court noted, "a literal reading of Rule 103 could in this case require a New York court order to authorize a private process server in Texas to serve process." *Id.* Nevertheless, the court declined to adopt this "literal reading" of Rule 103 because it would "thwart[] the intent" of the New York rule permitting private service of process "by any person authorized to make service by the laws of the state . . . in which service is made . . . ." *Id.* Instead, the court concluded that service of the New York lawsuit was valid pursuant to a written order authorizing the private process server "to serve citation and other notices in any lawsuit filed in the district court of Travis County in which he was not an interested party." *Id.* at 506. This case does not involve a lawsuit filed out-of-state, but we find that the reasoning of *Mayfield* is sound and applies here.

For the foregoing reasons, we overrule Garcia's first issue.

8

**B.     Fair Notice of Claims**

We next consider whether Tester's amended petition gave fair notice to Garcia of the claims being made against him. *See Stoner v. Thompson*, 578 S.W.2d 679, 685 (Tex. 1979) (holding that a default judgment will be held erroneous if, among other things, "the petition does not give fair notice to the defendant of the claim asserted"); *Hahn v. Whiting Petroleum Corp.*, 171 S.W.3d 307, 316 (Tex. App.—Corpus Christi 2005, no pet.); *see also* TEX. R. CIV. P. 45, 47.

The amended petition stated in relevant part, under a section entitled "Parties," the following:

> 5.     Defendant SGBAK INC. d/b/a Anarchy Club (hereinafter, "Anarchy") is a Texas corporation doing business in Cameron County and has answered herein.
>
> 6.     Defendant Osvaldo Garcia, Individually and d/b/a Anarchy Club is an individual who is alleged to be a purchaser/co-owner of Anarchy Club.

(Parenthetical remark in original.)  The amended petition then set forth the alleged facts, including:  (1) that "employees of Anarchy" served Guerrero alcohol even though he was "already visibly intoxicated"; and (2) "[a]s the employer of the alcohol server who negligently served alcohol to [Guerrero], Anarchy is vicariously liable for all damages incurred by [Tester] that were proximately caused by such negligence."  The amended petition further alleged that "Anarchy":  (1) negligently failed to train its servers about "the safe and prudent service of alcoholic beverages"; (2) negligently failed to supervise its servers; and (3) "aided, abetted, and encouraged" its servers to "violate laws regulating the service of alcoholic beverages."

Garcia contends that the amended petition did not provide fair notice because references to "Anarchy" in the factual allegations referred only to SGBAK, not Garcia. We

9

disagree. The amended petition clearly identified Garcia as a defendant both in his individual capacity and "d/b/a Anarchy Club," and it alleged that Garcia was a co-owner of the club. The amended petition then set forth allegations of negligence pertaining to "Anarchy." In light of the entire pleading, it is not reasonable to view the references to "Anarchy" as referring only to SGBAK. *See SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995) ("We do not, as a rule, give pleadings a too cabined reading. A court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged."). Accordingly, the pleadings in Tester's amended petition were sufficient to fairly notify Garcia of the claims being made against him. We overrule his second issue.

## C. Evidentiary Sufficiency

Finally, we consider Garcia's third issue, arguing that the evidence adduced at the default judgment hearing was insufficient to support the damages award.

In a no-answer default judgment, the defendant's failure to answer operates as an admission of all of the material facts alleged in the plaintiff's petition, except for unliquidated damages. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009); *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). When a specific attack is made on the legal or factual sufficiency of the evidence to support the trial court's determination of damages in a default judgment, the appellant is entitled to a review of the evidence produced. *See Norman Comm'ns*, 955 S.W.2d at 270; *Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex. 1978). When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v.*

10

*Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). The final test for legal sufficiency is whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *Id.* at 822. The factfinder is the only judge of witness credibility and the weight to be given to testimony. *Id.* at 819.

Garcia argues that the evidence was insufficient to support the damages award because: (1) the hospital records were not supported by affidavit or medical expert testimony; (2) the hospital records were in the name of "Tester William"; (3) there was no evidence that the hospital charges were reasonable or necessary; (4) there was no evidence of any pain and suffering; (5) there was no evidence of any disfigurement; and (6) there was no evidence to establish Garcia's liability.

As noted, a defendant's failure to answer a properly-served lawsuit operates as an admission of liability arising out of causes of action properly pleaded by the plaintiff. *See Dolgencorp of Tex.*, 288 S.W.3d at 930; *Holt Atherton Indus.*, 835 S.W.2d at 83. We have already held that Tester's amended petition was properly served and the claims made therein against Garcia were properly pleaded; therefore, Garcia cannot now attack the sufficiency of the evidence supporting the liability finding. We overrule his third issue insofar as it attacks the sufficiency of the evidence supporting liability.

However, Garcia's failure to answer did not absolve Tester of his responsibility to prove unliquidated damages. *See Dolgencorp of Tex.*, 288 S.W.3d at 930; *Holt Atherton Indus.*, 835 S.W.2d at 83. The only evidence before the trial court as to damages were the hospital records. These records alone were insufficient to establish the damages assessed in the judgment, for several reasons. First, even assuming that the name appearing on the records—"Tester William"—actually refers to the appellee herein, the

11

records were not supported by any affidavit or other testimony establishing their authenticity. *See* TEX. R. EVID. 901, 902(10). Second, as Garcia correctly notes, there was no evidence, such as an affidavit filed under section 18.001 of the Texas Civil Practice and Remedies Code, establishing that the expenses reflected in the records were reasonable or necessary. *See Walker v. Ricks*, 101 S.W.3d 740, 746 (Tex. App.—Corpus Christi 2003, no pet.) ("A claim for past medical expenses must be supported by evidence that such expenses were reasonably necessary for the plaintiff to incur as a result of her injuries. . . . Proof of amounts charged or paid for past medical expenses is not proof of the reasonableness of those expenses."); *Jackson v. Gutierrez*, 77 S.W.3d 898, 903 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("The fact that the testimony was adduced in a default judgment hearing does not relieve appellee of her burden to prove the reasonableness and necessity of her medical expenses."); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001 (West, Westlaw through 2015 R.S.). Third, there was no evidence whatsoever as to any non-economic damages that Tester may have suffered—for example, there was no evidence regarding Tester's past pain and suffering or disfigurement, nor was there any evidence indicating that Tester would likely suffer pain or disfigurement in the future. *See Biggs v. GSC Enters., Inc.*, 8 S.W.3d 765, 769 (Tex. App.—Fort Worth 1999, no pet.) ("The mere fact of injury does not prove compensable pain and suffering or impairment."); *see also Rentech Steel, L.L.C. v. Teel*, 299 S.W.3d 155, 165 (Tex. App.—Eastland 2009, pet. dism'd) ("The term 'disfigurement' includes an impairment or injury to the beauty, symmetry, or appearance of a person or thing, rendering it unsightly, misshapen, imperfect, or deformed in some manner.")

In sum, no reasonable fact-finder could have concluded, from the hospital records alone, that Tester suffered $2,223,952.14 in damages as a proximate result of Garcia's negligence. Accordingly, error is apparent on the face of the record, and we sustain Garcia's third issue insofar as it attacks the sufficiency of the evidence supporting the damages award. *See* TEX. R. APP. P. 26.1(c), 30; *Alexander*, 134 S.W.3d at 848.

## IV. CONCLUSION

The Texas Supreme Court has stated:

> [A]s a practical matter, in an uncontested hearing, evidence of unliquidated damages is often not fully developed. This is particularly true when the trial judge expresses a willingness to enter judgment on the evidence that has been presented. Therefore, when an appellate court sustains a no evidence point after an uncontested hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages.

*Holt Atherton Indus.*, 835 S.W.2d at 86. We therefore affirm that portion of the trial court's judgment finding Garcia liable for the claims asserted by Tester in his amended petition, reverse that portion of the judgment awarding unliquidated damages, and remand for a new trial on the issue of unliquidated damages only.[4] *See id.*

DORI CONTRERAS GARZA
Justice

Delivered and filed the
1st day of September, 2016.

---

[4] Texas Rule of Appellate Procedure 44.1(b) states we "may not order a separate trial solely on unliquidated damages if liability is contested." TEX. R. APP. P. 44.1(b). However, when a defendant appeals a no-answer default judgment, liability issues are not considered "contested" under the rule. *See Fleming Mfg. Co. v. Capitol Brick, Inc.*, 734 S.W.2d 405, 408 (Tex. App.—Austin 1987, writ ref'd n.r.e.) (applying predecessor rule).