Robert F. GIRDLEY, Sr. and Virginia
L. Girdley, Appellants,

v.

SOUTHWESTERN BELL YELLOW
PAGES, INC., Appellee.

No. 08–93–00213–CV.

Court of Appeals of Texas,
El Paso.

Sept. 29, 1993.

Opinion Overruling Motion For
Rehearing Oct. 27, 1993.

Rehearing Overruled Dec. 1, 1993.

Carolyn Findley Price, Arlington, for appellants.

Stuart R. Schwartz, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION ON APPELLEE'S MOTION TO DISMISS WRIT OF ERROR FOR WANT OF JURISDICTION

BARAJAS, Justice.

This is an appeal by writ of error from a judgment rendered in favor of Appellee, Southwestern Bell Yellow Pages, Inc., against Appellants Robert F. Girdley, Sr. and Virginia L. Girdley in a suit on a sworn account. Because Appellants have failed to meet the requirements for bringing an appeal by writ of error, we dismiss the appeal on jurisdictional grounds.

## I. PROCEDURAL HISTORY

The record before this Court for consideration of Appellee's motion to dismiss shows that the instant case commenced as a suit on account for advertising services allegedly rendered to Robert Silva and Compa Bail Bonds. Subsequently, Appellants Robert and Virginia Girdley were added as defendants in their individual and corporate capacity for several bonding companies, all of which allegedly owed Appellee money pursuant to advertising contracts. The record further shows that Appellants answered the suit and were eventually represented by counsel. During the course of the litigation, extensive discovery followed between the respective parties.

On July 18, 1991 the trial court held a hearing on a motion for sanctions after which the trial court entered an order striking Appellants' pleadings. Appellants were fully and actively represented by counsel at the hearing on Appellee's motion for sanctions.

On August 21, 1991, the trial court conducted a hearing on entry of judgment. Once again the record establishes that Appellants were fully and actively represented by counsel. While the trial court entered judgment that same day, a new trial was subsequently granted. On September 10, 1992, the trial court again conducted a hearing, this time on the issue of damages. Appellants were once again actively represented by counsel. Subsequent to an extended recess, the trial court resumed its hearing on damages in November 1992. Appellants' counsel once again actively participated. The record further shows that judgment was pronounced in open court, signed the same day, and recites that both Appellants and Appellee had appeared "by and through their attorney."

On December 14, 1992, Appellants filed their motion for new trial, which was overruled by operation of law, and subsequently sought to perfect their appeal. Appellants' appeal was docketed in this Court as Cause No. 08–93–00087–CV, styled *Robert F. Girdley, Sr., et al. v. Southwestern Bell Yellow Pages, Inc.*[1] On May 19, 1993, this Court, on Appellants' own motion, dismissed their appeal. (See No. 08–93–00087–CV). Appellants now bring their writ of error to which Appellee files its motion to dismiss for want of jurisdiction.

## II. *DISCUSSION*

■ Petition for writ of error was designed to protect a party that did not discover a judgment had been rendered against it until after the judgment had been rendered. *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096, 1097–98 (1941). It is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an unfair or incorrect judgment; it is not available to give a party who suffers an adverse judgment at its own hands another opportunity to have the merits of the case reviewed. *Flores v. H.E. Butt Grocery Co.,* 802 S.W.2d 53, 55 (Tex. App.—Corpus Christi 1990, no writ).

■ The question presented for our consideration is whether Appellants have met the criteria enabling them to proceed by writ of error review. To appeal by writ of error, the petitioner must:

(1) file the writ within six months after the judgment is signed;

(2) be a party to the suit;

(3) not have participated in the actual trial of the case in the trial court; and

(4) show error apparent from the face of the record.

*Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex. 1985); *Flores,* 802 S.W.2d at 55. *See* Tex. R.App.P. 45. There is no dispute that the

petition is timely and that Appellants are parties to the suit; thus, the threshold issue is whether the Appellants participated in the actual trial of the case.

Rule 45 of the Texas Rules of Appellate Procedure provides in relevant part:

A party may appeal a final judgment to the court of appeals by petition for writ of error by complying with the requirements set forth below:

(b) **No Participating Party at Trial.** No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the court of appeals through means of writ of error.

Tex.R.App.P. 45.

■ Although Rule 45 requires nonparticipation in the "actual trial" of the case, it is well settled in Texas that participation in the decision-making event producing the final judgment adjudicating a party's rights will cut off that party's ability to proceed by writ of error. *In re Estate of Hillje,* 830 S.W.2d 689, 691 (Tex.App.—San Antonio 1992); *Flores,* 802 S.W.2d at 55. The party's participation need not be at the actual trial on the merits. *Id.*

■ As stated earlier, the record clearly establishes that Appellants were fully and actively represented by counsel during several critical stages of this case, including the July 1991 hearing on Appellee's motion for sanctions, the August 1991 hearing on entry of judgment, and the September and November 1992 hearings on the issue of damages. The above hearings were the critical procedural events that led to the judgment Appellants now attack. Consequently, we find that Appellants did participate in the actual trial of the case in the trial court, within the meaning of "actual trial" under Rule 45. We further find that Appellants have failed to comply with the requirements of Rule 45 for appeal by writ of error and that such failure

1. This Court will take judicial notice of its record as found in Cause No. 08–93–00087–CV, styled *Robert F. Girdley, Sr., et al. v. Southwestern Bell Yellow Pages, Inc.,* insofar as the dispute lies between the identical parties, over the identical subject matter, challenging the identical trial court judgment. *Hanley v. Hanley,* 813 S.W.2d

511, 514 n. 2 (Tex.App.—Dallas 1991, no writ) ·citing *Garlington v. Wasson,* 279 S.W.2d 668, 679 (Tex.Civ.App.—Eastland 1955, writ ref'd n.r.e.) (op. on mot. for reh'g), *appeal dism'd w.o.j., cert. denied,* 352 U.S. 806, 979, 77 S.Ct. 38, 1 L.Ed.2d 364 (1957).

constitutes a jurisdictional defect that precludes this Court from entertaining Appellants' Application for Writ of Error.

■ We are next presented with the perplexing question, considered on the Court's own motion, of whether Appellants have attempted to take an appeal for delay and without sufficient cause so as to potentially subject them to damages for purposeful delay. *See* TEX.R.APP.P. 84.

The record in the instant case shows that this action was instituted on January 8, 1988. On August 25, 1989, Appellee sought to take the deposition of Appellant Virginia L. Girdley. Appellant Virginia Girdley, through counsel, successfully obtained a protective order, citing conflict in scheduling. Approximately one year later, on September 21, 1990, Appellee sought to take the deposition of Appellant Robert Girdley. Appellant Robert Girdley failed to appear, which resulted with Appellee filing its motion to compel discovery. Between October 5, 1990 and May 24, 1991, the record shows aggressive attempts at discovery by Appellants, as well as Appellee, to include requests for admission, requests for production, and interrogatories, and various motions for sanctions, filed by both sides. On July 18, 1991, the trial court conducted a hearing on Appellee's motion for sanctions after which the trial court entered an order striking Appellants' answer.

Appellants first had judgment entered against them due to their dilatory tactics in the trial court, their abuse of the discovery process, and their failure to abide by the trial court's orders. Although the judgment from which they seek relief was signed November 11, 1992, they filed their motion for new trial 33 days later, on December 14, 1992, but the motion was nonetheless considered timely by the trial court. *See* TEX.R.CIV.P. 21a. Then they stood by and watched their motion for new trial be overruled by operation of law. The cost bond that was due February 9, 1993, was received one day later, but nonetheless was likewise considered timely by this Court of Appeals. TEX.R.CIV.P. 21a. Having perfected their appeal, Appellants requested that this Court dismiss their appeal pursuant to TEX.R.APP.P. 59. (See No. 08–93–00087–CV). Appellants' motion to dismiss their appeal, which involved the same parties, issues and trial court judgment as presented in the instant appeal, was filed on May 7, 1993, **the very same day that they filed the instant petition for writ of error.** Moreover, as shown above, Appellants fully and actively participated in all aspects of the proceedings in the court below which led to a rendition of the judgment about which they now complain.[2] Appellants have shown no error on the face of the judgment.

The record in the instant case further shows that Appellants have made no effort to present this matter to this Court for informed decision, much less in a fashion that supports reversal.[3] The only reasonable inference to be drawn from Appellants' actions, given all of the foregoing, is that these latest tactics are as dilatory as every other tactic that they have employed throughout the course of this litigation. The filing of this appeal by writ of error, in light of the fact that an identical direct appeal had been previously dismissed at their request and a mandate issued, is solely for the purpose of delay. It is apparent from the totality of the circumstances described herein that Appellants' sole purpose in engaging in this exercise before this Court of Appeals is for purposes of delay. Appellants are therefore liable to Appellee for the sanctions provided by TEX. R.APP.P. 84. We hereby award Appellee, Southwestern Bell Yellow Pages, Inc., an

---

**2.** The judgment complained of, signed November 11, 1992, states in pertinent part as follows: "The Plaintiff and Defendants, appeared by and through their attorney.

The claim is a liquidated claim based upon a breach of contract and for fraud for having concealed from Plaintiff and other creditors, the Bankruptcy Trustee and the Bankruptcy Court that ALBERT LOPEZ, JR. and wife, RAQUEL were merely agents and not owners of COMPA BAIL BONDS as represented in cause number 3–86–00732 in the United States Bankruptcy Court for the Western District of Texas."

**3.** In response to Appellee's motion to dismiss this writ of error, Appellants concede that the writ of error should be dismissed, but for different reasons. Appellants now claim the underlying judgment of November 11, 1992 was not a final judgment.

amount equal to ten percent of the amount awarded to Appellee as damages against such Appellants, exclusive of attorney's fees, court costs and interest, as damages against Appellants as a sanction for taking this appeal for delay and without sufficient cause.[4]

Having found that Appellants fully and actively participated in all aspects of the proceedings in the court below, and thus appeal by writ of error is not an available remedy, Appellants' Application for Writ of Error is dismissed for want of jurisdiction.

### OPINION ON MOTION FOR REHEARING

Appellants have filed a Motion for Rehearing with two points of error attacking the opinion of this Court. We must now examine the trial court's judgment to determine whether it is a final judgment from which an appeal by writ of error could have been taken, if Appellants had met the jurisdictional requirements for such an appeal, and re-examine this Court's award of damages to Appellee under TEX.R.APP.P. 84.

■ Appellant first contends that the judgment from which this appeal was taken lacks finality in that it provides for the award of attorney's fees conditioned on the occurrence of events after the judgment was signed, i.e. steps in the appellate process. The record shows that the trial court's award of attorney's fees to Appellee was made as follows:

> [T]he reasonable amount of attorney's fees due and owing is $10,000.00 through date of judgment, plus the sum of $1,000.00 in the event a Motion for New Trial is filed, plus the sum of $4,000.00 if an appeal of this cause is made to the Court of Appeals, plus the sum of $500.00 in the event either party seeks rehearing before the Court of Appeals, plus the sum of $2,000.00 in the event either party files an Application for Writ of Error in the Texas Supreme

Court, plus the sum of $3,500.00 in the event that either party seeks rehearing in the Texas Supreme Court, plus the amount of $4,000.00 in the event either party petitions for Writ of Certiorari in the United States Supreme Court, plus the sum of $5,000.00 in the event oral argument is heard before the United States Supreme Court, plus the sum of $3,000.00 in the event either party seeks rehearing before the United States Supreme Court, . . . .

Appellants cite *International Sec. Life Ins. Co. v. Spray*, 468 S.W.2d 347 (Tex.1971) for the proposition that such an award of attorney's fees precludes the judgment from being considered final for appellate purposes. We disagree.

A careful reading of the *Spray* case shows that it expressly allows the award of attorney's fees contingent on various appellate steps being pursued, overruling older case law to the contrary. *Spray*, 468 S.W.2d at 349–50. This proposition was further explained in *Howell v. Mauzy*, 774 S.W.2d 274 (Tex.App.—Austin 1989, writ denied). In that case, the Austin Court of Appeals stated:

> The recovery of statutory attorney's fees, in a sum enlarged or reduced according to the course of events occurring in an appeal taken by a party liable for such fees, is permissible and almost routine. To make the attendant judgment certain, definite, final, and unconditional, however, the award of attorney's fees must be in terms that permit the clerk of the court to calculate the sum dictated by post-trial events, and place that sum in the writ of execution, as a **ministerial** act merely.

*Howell*, 774 S.W.2d at 276 (emphasis in original), *citing Spray*, 468 S.W.2d at 350.

The fact that the award of attorney's fees in the judgment is unconditional and does not purport to turn upon whether Appellant or Appellee succeeds in the appellate courts does not affect the finality of the trial court's judgment. *See* TEX.CIV.PRAC. & REM.CODE

---

4. Judgment in the instant case ordered, that Appellee, Southwestern Bell Yellow Pages, Inc. do have and recover of the Appellants Robert F. Girdley, Sr. and Virginia L. Girdley, each individually and doing business as Compa Bail

Bonds, Compa Bail Bonds, II, A–1 Bail Bonds, and Liberty Bail Bonds, the sum of $31,027 with interest at the rate of 10 percent per annum from date of entry of judgment, plus any contingent award of attorney's fees and court costs.

ANN. § 38.001 (Vernon 1986); *Kold–Serve Corp. v. Ward,* 736 S.W.2d 750, 756 (Tex. App.—Corpus Christi 1987), *error dism'd by agr.,* 748 S.W.2d 227 (Tex.1988). If Appellants obtain a reversal, then Appellee is not entitled to any attorney's fees. *Kold–Serve Corp.,* 736 S.W.2d at 756 (emphasis in original). Thus, it is implicit in the judgment that the attorney's fees for the appellate processes may be incurred only if Appellee is successful on appeal.

We find that the award of attorney's fees in this case is sufficiently clear to allow the court clerk to calculate the amount of such fees, as dictated by the post-trial appellate steps taken, as a ministerial duty; thus, the trial court's judgment meets the requirements of a final judgment.

■ Appellant next contends that the Court erred in awarding damages pursuant to TEX.R.APP.P. 84. Citing *Exxon Corp. v. Shuttlesworth,* 800 S.W.2d 902, 908 (Tex. App.—Houston [14th Dist.] 1990, no writ), Appellant maintains that this Court must look at the case from the point of view of Appellants' advocate and determine whether she had reasonable grounds to believe that the trial court's judgment would be modified or reversed. *Id.* Appellants' attorney on appeal wisely notes that she was not the trial attorney in the instant case, and suggests that this Court used as a basis for the damages two sets of events: 1) events which occurred at the trial court level for which the trial court rendered a death penalty sanction against Appellants; and 2) steps taken post-judgment by Appellants' counsel on appeal.

TEX.R.APP.P. 84 provides that in civil cases where the court of appeals determines that an appellant has taken an appeal for delay and without sufficient cause, it may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant. The imposition of such damages shall not authorize the court to consider allegations of error that have not been otherwise properly preserved or presented for appellate review. TEX.R.APP.P. 84.

As noted in the original opinion, the scant record before this Court establishes a pattern of delay which culminated in judgment being entered against Appellants in the trial court below. Next, Appellants attempted an appeal which was docketed in this Court as Cause No. 08–93–00087–CV, styled *Robert F. Girdley, Sr., et al. v. Southwestern Bell Yellow Pages, Inc.* Although the appeal was perfected, Appellants chose to abandon their sacred and valuable right to an appeal and moved this Court to dismiss their appeal pursuant to TEX.R.APP.P. 59. On May 19, 1993, this Court granted that motion to dismiss and ordered that the decision be certified below for observance. Once again, we note that Appellants' motion to dismiss their original appeal, which involved the same parties, issues, and trial court judgment as presented in the instant appeal, was filed on May 7, 1993, **the very same day that they filed the instant petition for writ of error.** Moreover, as shown above, Appellants fully and actively participated in all aspects of the proceedings in the court below which led to a rendition of the judgment about which they now complain. When Appellees in the present Application for Writ of Error moved to dismiss the writ for want of jurisdiction, Appellants agreed that the writ of error should be dismissed, but for different reasons, i.e. that the judgment is not a final judgment from which an appeal can be taken. Yet, Appellants have attempted two appeals, both by the identical attorney.

We have prudently, cautiously, and carefully looked at the instant case from the point of view of the advocate and find that an earlier statutory right of appeal was abandoned and that the record in the instant case conclusively establishes that Appellants personally and through counsel fully and completely participated in their trial below and thus are not entitled to seek review by writ of error. Further, when examined from the point of view of the advocate, we find that although Appellants were confronted with a motion to dismiss the instant application for writ of error, such motion to dismiss went unchallenged. Given the above, we once again note that although a pattern of delay may have commenced in the trial court below, we disregard such pattern for purposes of TEX.R.APP.P. 84 and find that attempted

appeal of the instant case by writ of error has been taken for delay and without sufficient cause. Accordingly, we overrule Appellants' Motion for Rehearing.