**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Seng PANNGASIRI, Appellee.**

**No. 08–96–00424–CV.**

Court of Appeals of Texas,
El Paso.

April 17, 1997.

---

Charles R. Maddox, Austin, for Appellant.

Richard C. Robins, El Paso, for Appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

### OPINION

McCLURE, Justice.

By writ of error, Appellant, Texas Department of Public Safety (DPS), challenges an order expunging the records of Appellee, Seng Panngasiri (Panngasiri), pursuant to TEX.CODE CRIM.PROC.ANN. art. 55.01–55.06 (Vernon Supp.1997). We grant the writ; the order of expunction is modified, and as modified, it is affirmed.

Panngasiri was arrested for driving while intoxicated. Upon the motion of the District Attorney, the case was later dismissed on the ground that the evidence was insufficient. Panngasiri then filed a petition seeking expunction of records relating to his DWI arrest pursuant to TEX.CODE CRIM.PROC.ANN. art. 55.01–55.06. DPS, named in the petition as an entity believed to have records or files subject to expunction, did not answer the petition or appear at the final hearing. The trial court ordered DPS to expunge its records related to Panngasiri's DWI arrest. DPS timely filed in this Court a petition for writ of error. DPS and Panngasiri have now filed a joint motion in which they stipulate to certain facts and request the submission of this cause without briefs. We have exercised our discretion to submit this case on an accelerated basis, pursuant to TEX.R.APP.P. 42(b), and without briefs, under Rule 42(c). In their joint motion, DPS and Panngasiri ask that we modify and correct an invalid portion of the judgment.

■ An appeal by writ of error to the court of appeals is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment; it is not available to give a party who suffers an adverse judgment at its own hands another opportunity to have the merits of the case reviewed. *Girdley v. Southwestern Bell Yellow Pages, Inc.*, 869 S.W.2d 409, 411 (Tex. App.—El Paso 1993, writ denied); *Flores v. H.E. Butt Grocery Co.*, 802 S.W.2d 53, 55 (Tex.App.—Corpus Christi 1990, no writ). To appeal by writ of error, the petitioner must:

- file the writ within six months after the judgment is signed;
- be a party to the suit;
- not have participated in the actual trial of the case in the trial court; and
- show error apparent from the face of the record.

*Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex. 1985); *Girdley*, 869 S.W.2d at 411; *Flores*, 802 S.W.2d at 55; *see* TEX.R.APP.P. 45. These requirements are jurisdictional. *Canadian Triton International Ltd. v. JFP Energy, Inc.*, 888 S.W.2d 235, 236 (Tex. App.—El Paso 1994, no writ).

■ The parties have stipulated to facts which establish the first three jurisdictional requirements. We must now determine whether error exists on the face of the rec-

ord. The parties contend that a portion of the judgment is invalid because it requires DPS to expunge its records relating to the administrative driver's license suspension proceedings held in connection with Panngasiri's DWI arrest. This aspect of the order is contrary to TEX.CODE CRIM.PROC.ANN. art. 55.06 (a person may not use the provisions of Chapter 55 to expunge records relating to the suspension or revocation of a driver's license except as provided in former Section 5(d) of Article 6687b–1 or Section 2(r) of Article 6701l–5 [1]). DPS has thus established that error exists on the face of the record. Accordingly, the order of expunction is modified to include the following provision:

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the records and files concerning the administrative driver's license suspension proceedings related to the petitioner's refusal to take the breath/blood test on September 16, 1995 are not subject to expunction under the provisions of this order in accordance with the provisions of Article 55.06 of the Texas Code of Criminal Procedure.

As modified, the order of expunction is affirmed.

---

**1.** These provisions are now found at TEX.TRANSP. CODE ANN. § 724.048 (Vernon Pamph.1997)[former art. 6701l–5, § 2(r)] and TEX.TRANSP.CODE ANN. § 524.012 & 524.015 (Vernon Pamph.1997)[former Article 6687b–1, § 5(d)]. The exceptions provided by these sections do not apply in this case.