**WORLD DISTRIBUTORS, INC., Petitioner,**

v.

**Linda A. KNOX, Individually and as next friend and personal representative of the estate of Carrie Lynn Knox, Tammy Lynette Clary and James Randall Clary, Individually and as personal representative of the estate of Debra E. Cox, Linda Mae Kingston and Larry Junior Kingston, Individually and as personal representatives of the estate of Vollie Cox, Respondents.**

**No. 08–97–00088–CV.**

Court of Appeals of Texas,
El Paso.

April 9, 1998.

Jeffrey S. Alley, Joseph L. Hood, Jr., Richard Glenn Davis, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, Calvin Hendrick, Shafer, Davis, Ashley, O'Leary & Stoker, Inc., Odessa, for Petitioner.

Kim R. Thorne, Grand Prairie, Kenneth T. Fibich, Michael John Zomcik, Houston, Charles W. McGarry, Dallas, for Respondents.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

McCLURE, Justice.

World Distributors, Inc., Petitioner (World Distributors), a non-resident defendant, appeals a default judgment on the grounds of defective service of process in this writ of error proceeding.[1] Consequently, the issue presented is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the default judgment. Answering this question in the affirmative, we reverse and remand for trial on the merits.

### FACTUAL AND PROCEDURAL SUMMARY

Respondents filed a products liability/negligence suit against World Distributors, alleging that a lamp it manufactured caused a fire which severely injured one family member, Linda Knox, and killed three others, Carrie Lynn Knox, Debra E. Cox, and Vollie Cox. The original petition alleged that World Distributors is a foreign corporation engaged in business in Texas, but that it does not maintain a place of regular business in Texas and has no designated agent on whom service of citation may be made. Respondents then stated that World Distributors:

[M]ay be cited by serving the Secretary of State of Texas provided that the citation and petition are forwarded to Defendant's registered agent by certified mail, return receipt requested, as follows:

World distributors, inc. [sic]

Agent for service:

Fred R. Sherman

800   Waukegan Road

Suite 300

Glenview, Illinois 60025

A Travis County constable served the petition and citation upon the Secretary of State. The Secretary of State issued a certificate stating that two copies of the citation and petition were served upon him, and he forwarded a copy of the citation and petition by certified mail, return receipt requested, to:

WORLD DISTRIBUTORS, INC.

FRED R. SHERMAN

800   WAUKEGAN RD. STE 300

GLENVIEW, IL 60025

The certificate further states that the Secretary of State received the return receipt bearing the "SIGNATURE OF ADDRESSEE'S AGENT." World Distributors did not answer or appear for trial and the trial court rendered default judgment in favor of Respondents.

### DEFECTIVE SERVICE OF PROCESS

In Point of Error No. One, World Distributors alleges that the default judgment is

---

1. The appeal by writ of error was repealed with the promulgation of the amended Texas Rules of Appellate Procedure effective September 1, 1997. A new procedure for an appeal filed within six months, denominated as a restricted appeal, was substituted. Because this proceeding was commenced before September 1, 1997, the former rules apply. Accordingly, all references herein are to the writ of error proceeding pursuant to former Tex.R.App.P. 45 rather than its successor, Tex.R.App.P. 30.

void because the record fails to establish strict compliance with the requirements of the Texas Civil Practice and Remedies Code for service upon nonresident defendants.[2] In Points of Error Nos. Thirty-three and Thirty-four, it likewise challenges the validity of service under TEX.R.CIV.P. 108.

### Writ of Error

■ An appeal by writ of error to the court of appeals is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment; it is not available to give a party who suffers an adverse judgment at its own hands another opportunity to have the merits of the case reviewed. *Texas Dept. of Public Safety v. Panngasiri*, 945 S.W.2d 276, 277 (Tex.App.—El Paso 1997, no writ); *Girdley v. Southwestern Bell Yellow Pages, Inc.*, 869 S.W.2d 409, 411 (Tex.App.—El Paso 1993, writ denied). To appeal by writ of error, the petitioner must:

• file the writ within six months after the judgment is signed;

• be a party to the suit;

• not have participated in the actual trial of the case in the trial court; and

• show error apparent from the face of the record.

*Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex. 1985); *Panngasiri*, 945 S.W.2d at 277; *Whiskeman v. Lama*, 847 S.W.2d 327, 328 (Tex.App.—El Paso 1993, no writ). The only issue before us is whether error appears on the face of the record.

### Direct Attack on Default Judgment

■ In order to sustain a default judgment which is under direct attack, it is essential that there be strict compliance with the rules relating to the issuance of citation, the manner and mode of service, and the return of process. *Bannigan v. Market Street Developers, Ltd.*, 766 S.W.2d 591, 592 (Tex. App.—Dallas 1989, no writ). The plaintiff bears the burden of affirmatively showing strict compliance. *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965); *Whiskeman*, 847

S.W.2d at 329; *Bannigan*, 766 S.W.2d at 592. His failure to meet this burden renders attempted service invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Company, Inc.*, 690 S.W.2d 884, 885 (Tex. 1985); *Whiskeman*, 847 S.W.2d at 329.

■ There are no presumptions favoring valid issuance, service, and return of citation. *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994); *Uvalde Country Club*, 690 S.W.2d at 885; *Whiskeman*, 847 S.W.2d at 329. This same stringent rule applies to any inference of jurisdictional facts, such as personal jurisdiction under the long-arm statute. *Whiskeman*, 847 S.W.2d at 329. If jurisdiction of the court to render the judgment does not appear on the face of the record, the judgment must be reversed. *McKanna*, 388 S.W.2d at 928; *Mayfield v. Dean Witter Financial Services, Inc.*, 894 S.W.2d 502, 504 (Tex. App.—Austin 1995, writ denied).

### Section 17.045(a)

■ World Distributors first maintains that service under Section 17.045(a) is defective because the petition, citation, and return do not affirmatively reflect that it was served at its home office. Respondents made no reply to this argument in their brief and conceded same during oral argument. Section 17.045(a) provides:

> If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's *home or home office* and shall immediately mail a copy of the process to the nonresident. [Emphasis added].

TEX.CIV.PRAC. & REM.CODE ANN. § 17.045(a)(Vernon 1997).

■ When a plaintiff serves a nonresident defendant under the Texas long-arm statute, the plaintiff must allege facts that, if true, would make the defendant amenable to process under that statute and the record must contain proof of service of process on the defendant in the manner prescribed by the statute. *Whiskeman*, 847 S.W.2d at 328, *cit-*

**2.** *See* TEX.CIV.PRAC. & REM.CODE ANN. § 17.041– 17.045 (Vernon 1997).

*ing Whitney v. L & L Realty Corporation,* 500 S.W.2d 94, 95 (Tex.1973); *Boreham v. Hartsell,* 826 S.W.2d 193, 195 (Tex.App.— Dallas 1992, no writ). This Court and others have previously held that where the record fails to affirmatively show that the plaintiff provided the Secretary of State with the defendant's "home or home office" address, service under Section 17.045(a) is invalid and a default judgment obtained as a result is void. *Whiskeman,* 847 S.W.2d at 329; *Boreham,* 826 S.W.2d at 193; *Bannigan,* 766 S.W.2d at 591; *see also Commodore County Mutual Insurance Company v. Tkacik,* 809 S.W.2d 630 (Tex.App.—Amarillo 1991, writ denied)(opinion on reh'g)(where record did not affirmatively show that address at which service was effected was company's home office or principal place of business, service under Article 1.36 of the Insurance Code was ineffective).

In *Whiskeman,* we considered whether the record affirmatively reflected that the plaintiff provided the Secretary of State with the non-resident defendant's home address. Like the petition in the instant case, Lama alleged that Whiskeman could be served with citation and petition by serving the Secretary of State, who would then forward the citation and petition to Whiskeman at a certain address. *Whiskeman,* 847 S.W.2d at 328. The petition did not, however, allege that the address provided was Whiskeman's home address and there was nothing in the record of citation or return to affirmatively show that it was his home address. Accordingly, we found that Lama had failed to establish strict compliance with the Texas long-arm statute. *Id.* at 330. In the instant case, Respondents did not allege in their petition and there is nothing in the record of the citation or return to affirmatively establish that the Waukegan Road address provided to the Secretary of State is the home office of World Distributors. Having failed to establish strict compliance with Section 17.045(a), the attempted service under this method is defective.

---

**3.** Rule 106(a) provides: Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by (1) delivering to the defendant, in person, a true copy of the citation with the date of

### Rule 108

Perhaps recognizing the merit in World Distributors' argument regarding the defective service under the Texas long-arm statute, Respondents claim that they did not attempt service solely under Section 17.045(a), but they also utilized Tex.R.Civ.P. 108, which provides:

> Where the defendant is absent from the State, or is a nonresident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant; *and such notice may be served by any disinterested person competent to make oath of the fact in the same manner as provided in Rule 106 hereof.* The return of service in such cases shall be endorsed on or attached to the original notice, and shall be in the form provided in Rule 107, and be signed and sworn to by the party making such service before some officer authorized by the laws of this State to take affidavits, under the hand and official seal of such officer. A defendant served with such notice shall be required to appear and answer in the same manner and time and under the same penalties as if he had been personally served with a citation within this State to the full extent that he may be required to appear and answer under the Constitution of the United States in an action either in rem or in personam. [Emphasis added].

Tex.R.Civ.P. 108.

■ Respondents urge that the Secretary of State is a "disinterested person" within the meaning of Rule 108, and therefore, could properly serve World Distributors with citation and make the return of service in the manner provided by Tex.R.Civ.P. 106(a)(2).[3] This argument is unpersuasive for several reasons.

First, the record does not support Respondents' claim that they intended to utilize Rule 108 as a mode of service. Consistent with Section 17.044(b), the petition alleges that

---

delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

World Distributors is a foreign corporation engaged in business in Texas, it does not maintain a place of regular business in Texas, and has no designated agent on whom service of citation may be made, and it "may be cited by *serving the Secretary of State of Texas* provided that the citation and petition *are forwarded* to Defendant's registered agent by certified mail, return receipt requested...." Nothing in the petition requires the Secretary of State to *serve* the petition and citation upon World Distributors. Thus, the petition reflects that Respondents intended to utilize the Texas long-arm statute as their sole mode of service.

■ Second, we conclude that the Secretary of State is not authorized by law to serve process. Rule 108 authorizes service by any disinterested person competent to make oath of the fact in the same manner as provided in Rule 106. In turn, Rule 106 requires that the citation be served by any person authorized by TEX.R.CIV.P. 103, unless the citation or an order of the court provides otherwise. Rule 103 describes who may serve process:

> Citation and other notices may be served anywhere by (1) any sheriff or constable or other person authorized by law or, (2) by any person authorized by law or by written order of the court who is not less than eighteen years of age. No person who is a party to or interested in the outcome of a suit shall serve any process. Service by registered or certified mail and citations by publication shall, if requested, be made by the clerk of the court in which the case is pending. The order authorizing a person to serve process may be made without written motion and no fee shall be imposed for issuance of such order.

TEX.R.CIV.P. 103.

Respondents have not directed us to any authority showing that the Secretary of State is authorized by law to serve process. Article 4, sec. 26 of the Texas Constitution and Chapter 405 of the Texas Government Code provide for the authority and duties of the Secretary of State. We have reviewed these at length and have found no authority for the Secretary of State to serve process. As noted by World Distributors in its reply brief,

numerous statutes require the Secretary of State to act as agent for service, but no statute authorizes him to serve process. *See e.g.,* TEX.AGRIC.CODE ANN. § 76.042(d)(Vernon Supp.1998)(agent for non-resident pesticide dealers); TEX.ALCO.BEV.CODE ANN. § 37.05(c)(Vernon 1995)(agent for non-resident seller of liquor); TEX.ALCO.BEV.CODE ANN. § 61.07 (agent for manufacturer, distributor, or other person shipping beer into state); TEX.BUS. & COMM.CODE ANN. § 16.10(b)(3)(Vernon Supp.1998)(agent for applicant for trademark); TEX.CIV.PRAC. & REM.CODE ANN. § 17.091(a)(Vernon 1997)(agent for service on non-resident defendant in delinquent tax suit). Accordingly, we conclude that the Secretary of State is not authorized by law to serve process.

■ Third, even if some authority existed for the Secretary of State to serve process, the record affirmatively reflects that he is not a "disinterested person." The Secretary of State is required by law to act as the registered agent for service for a non-resident corporate defendant, such as World Distributors, who has allegedly engaged in business in this state but does not maintain a regular place of business in the state and has not designated or maintained a resident agent for service of process. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 17.044(b). In this case, the Secretary of State was actually served with process as World Distributors' agent for service. We fail to perceive how the Secretary of State may act as the defendant's agent for service and at the same time still qualify as a "disinterested person." Respondents cite no authority which would allow the Secretary of State, or for that matter, any process server to act in such inherently contradictory roles.

■ Finally, even if we assume that the Secretary of State is authorized to serve process under Rule 108 and that he in fact attempted to serve process under Rules 108 and 106(a)(2) by sending the citation and petition by certified mail to World Distributors, Respondents failed to strictly comply with the rules relating to the issuance of citation, manner and mode of service, and the return of process. The record of citation and

process reflects that the copy of the citation mailed by the Secretary of State to World Distributors was directed to "WORLD distributors, inc., [sic] Agent for Service: Fred R. Sherman 800 Waukegan Road, Suite 300 Glenview, Ill. 60025 *by serving Texas Secretary of State*" [emphasis added]. The citation authorizes the serving officer to deliver to the named defendant, *in person,* a true copy of the citation with the accompanying copy of the petition. The alleged manner of service of the citation and petition by the Secretary of State under Rule 106(a)(2) conflicts with the terms of the citation which directed delivery of the citation in person, and therefore, does not strictly comply with Rule 106. *See Smith v. Commercial Equipment Leasing Co.,* 678 S.W.2d 917, 917–18 (Tex.1984)(where citation provided only for personal service of citation, but citation was served on the defendant by the district clerk by certified mail, return receipt requested, the manner of service did not strictly comply with the terms of the citation and conflicted with Rule 106). For all of these reasons, Points of Error Nos. One, Thirty-three, and Thirty-four are sustained. We need not reach the remaining points of error attacking the sufficiency of the evidence to support the damage awards.

## CONCLUSION

Because World Distributors was not validly served with citation, the trial court failed to obtain in personam jurisdiction over it and, therefore, the default judgment is void. *See Whitney,* 500 S.W.2d at 96; *Whiskeman,* 847 S.W.2d at 329. *Cf. Capitol Brick, Inc. v. Fleming Mfg. Co.,* 722 S.W.2d 399, 400–01 (Tex.1986)(trial court properly acquired in personam jurisdiction over the corporate defendant by substituted service on the secretary of state). Accordingly, the writ of error is granted, the default judgment is reversed, and the cause is remanded for trial.