ONYX TV, Appellant,

v.

THE TV STRATEGY GROUP, LLC, Appellee.

No. 06–98–00156–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 26, 1999.

Decided March 26, 1999.

Craig Harris, Carey Lynn Bertolet, Winstead, Sechrest & Minick P.C., Dallas, for appellant.

Leonard A. Hirsch, Patrick D. Keating, Ladawn Horn Conway, Haynes & Boone, L.L.P., Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Onyx Television appeals a default judgment granted in favor of T.V. Strategy Group ("TVSG"). TVSG sued Onyx on a sworn account, on breach of contract, and for quantum meruit. Onyx contends (1) the trial court did not have jurisdiction to enter a default judgment against Onyx because TVSG's petition did not plead sufficient facts to invoke substituted service and the Whitney certificate [1] was insufficient to confer jurisdiction on the trial court, (2) the default judgment was void

because the citation did not contain the address of the clerk and the location of the court as required by Rule 99 of the Texas Rules of Civil Procedure, and (3) the default judgment was void, because the citation was not on file with the court as required by Rule 107 of the Texas Rules of Civil Procedure. Onyx requests we review the case by a restricted appeal.[2]

On March 25, 1998, TVSG filed an original petition in the County Court at Law against Onyx alleging that (1) Onyx Corporation was a corporation organized and existing under the laws of Germany, with its principal place of business in Dortmund, Germany, (2) Onyx does not maintain a regular place of business in Texas or a registered agent for service of process, (3) Onyx entered into a contract with TVSG, a Texas resident, and that TVSG performed the contract in Texas in part, and (4) the lawsuit arose out of business done in Texas and to which Onxy was a party.[3] The county clerk issued the citation on the same day.

In a certified letter dated April 1, 1998, TVSG enclosed two copies of the original citation and the original petition and requested the Secretary of State send the process to Onyx at its home office, which was listed in the certified letter pursuant to the Texas long-arm statute.[4] As evidenced by a Whitney certificate issued by the Secretary of State on May 11, 1998, the Secretary of State certified that, according to its records, it had received two copies of the citation and had forwarded a copy of both by registered mail, return receipt requested, to Onxy TV, Emil–Segge–Strasse 80, 4427 Dortmund, Germany. This is the address Onyx admits is its home address in its brief.

---

1. A Whitney certificate is a certificate the Secretary of State issues when it has received two copies of the petition and citation and has forwarded a copy of each to the nonresident defendant in compliance with TEX. CIV. PRAC. & REM.CODE ANN. § 17.045(a) (Vernon 1997).

2. TEX.R.APP. P. 30. (formerly Rule 45).

3. *See generally* TEX. CIV. PRAC. & REM.CODE ANN. § 17.041–17.045 (Vernon 1997) (Texas long-arm statute).

4. TEX. CIV. PRAC. & REM.CODE ANN. § 17.045(a) (Vernon 1997).

The Whitney certificate and a copy of the letter requesting substituted service were filed with the court on May 14, 1998, but the citation was never filed with the court. On May 27, 1998, after reading the pleadings and the papers on file, the trial court entered a default judgment against Onyx. The address Onyx lists in its brief as its proper address is the same as the one to which the Secretary of State forwarded the service of process and is also the same as the one to which the trial court mailed a Notice of Entry of Judgment and a copy of the default judgment.

A restricted appeal [5] to the court of appeals is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment.[6] It is not available to give a party who suffers an adverse judgment at its own hands another opportunity to have the merits of the case reviewed.[7] To appeal by restricted appeal, the petitioner must file the notice of appeal within six months after the judgment is signed; be a party to the suit; not have participated in the actual trial of the case in the trial court; and show error apparent from the face of the record.[8]

The only issue before us is whether error appears on the face of the record.

In order to sustain a default judgment which is under direct attack, it is essential that there be strict compliance with the rules relating to the issuance of citation, the manner and mode of service, and the return of process.[9] The plaintiff bears the burden of affirmatively showing strict compliance.[10] His failure to meet this burden renders the attempted service invalid and of no effect.[11]

There are no presumptions favoring valid issuance, service, and return of citation.[12] This applies to any inference of jurisdictional facts, such as personal jurisdiction under the long-arm statute.[13] If jurisdiction of the court to render the judgment does not appear on the face of the record, the judgment must be reversed.[14]

The difficult issue in this case is whether the trial court erred in entering a default judgment, because the record does not reflect that the citation was on file at the time it was entered. Rule 107 of the Texas Rules of Civil Procedure provides that no default judgment can be granted in any cause until the citation has been on file

5. Tex.R.App. P. 30. Restricted appeals replace writ of error appeals to the courts of appeals. Statutes pertaining to writ of error appeals to the courts of appeals apply equally to restricted appeals. *Id.*

6. *World Distributors v. Knox,* 968 S.W.2d 474, 477 (Tex.App.-El Paso 1998, no pet.) (citing *Texas Dep't of Public Safety v. Panngasiri,* 945 S.W.2d 276, 277 (Tex.App.-El Paso 1997, no writ); *Girdley v. Southwestern Bell Yellow Pages, Inc.,* 869 S.W.2d 409, 411 (Tex.App.-El Paso 1993, writ denied)).

7. *Id.*

8. *Knox,* 968 S.W.2d at 477 (citing *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985); *Panngasiri,* 945 S.W.2d at 277; *Whiskeman v. Lama,* 847 S.W.2d 327, 328 (Tex.App.-El Paso 1993, no writ)).

9. *Bannigan v. Market Street Developers, Ltd.,* 766 S.W.2d 591, 592 (Tex.App.-Dallas 1989, no writ).

10. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965); *Whiskeman,* 847 S.W.2d at 329; *Bannigan,* 766 S.W.2d at 592.

11. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985); *Whiskeman,* 847 S.W.2d at 329.

12. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994); *Uvalde Country Club,* 690 S.W.2d at 885; *Whiskeman,* 847 S.W.2d at 329.

13. Tex. Civ. Prac. & Rem.Code Ann. § 17.045(a); *Whiskeman,* 847 S.W.2d at 329.

14. *Knox,* 968 S.W.2d at 477 (citing *McKanna,* 388 S.W.2d at 928; *Mayfield v. Dean Witter Fin. Servs., Inc.,* 894 S.W.2d 502, 504 (Tex.App.-Austin 1995, writ denied)).

with the clerk of the court for ten days.[15] The only case directly in point is *GFS Ventures, Inc. v. Harris,* 934 S.W.2d 813, 819 (Tex.App.-Houston [1st. Dist.] 1996, no writ). In the *Harris* case, the Houston Court of Appeals held that when the Secretary of State's certificate showing proof of service had been on file for more than ten days before the default judgment was granted, that was sufficient to comply with the requirement of Rule 107. In that opinion, the court cited the Texas Supreme Court's holding in *Capitol Brick, Inc. v. Fleming Mfg. Company,* 722 S.W.2d 399, 401 (Tex.1986), in which the Supreme Court held that proof of service under the long-arm statute can be satisfied by a certificate from the Secretary of State. In the *Capitol Brick* case, the issue was whether the Texas long-arm statute[16] required personal service on the Secretary of State as opposed to someone within the office designated to accept service. *Id.* at 400. The Supreme Court found that the mode of service on the Secretary of State bore no relationship to the objective of the long-arm statute which was to extend in personam jurisdiction in a manner reasonably calculated to give foreign defendants fair notice and an opportunity to be heard.[17] The Supreme Court determined that the Secretary of State's certificate was conclusive evidence that the Secretary of State received the service of process for the out-of-state defendant and forwarded the service as required by the statute. The court in *Capitol Brick* was not dealing with the ten day requirement for the citation to be on file, but rather, whether service of process had been shown. The Supreme Court stated in *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990), that it is a well-established rule that default judgment cannot withstand direct attack by a defendant who complains that he was not served

in strict compliance with applicable requirements.

The *Harris* case suggests that the Secretary of State's certificate satisfies the requirement that the citation be on file for ten days prior to the rendition of the default judgment and the requirement of proper service of process. The certificate in the present case recites and certifies that two copies of the citation and petition in the styled cause were received by the Secretary of State's office on a given date and that a copy was forwarded to the defendant by registered mail, return receipt requested to the address designated in this certificate.

Rule 99 provides the form and notice necessary for a citation. The citation shall (1) be styled "The State of Texas," (2) be signed by the clerk under seal of court, (3) contain name and location of the court, (4) show date of filing of the petition, (5) show date of issuance of citation, (6) show file number, (7) show names of parties, (8) be directed to the defendant, (9) show the name and address of attorney for plaintiff, otherwise the address of plaintiff, (10) contain the time within which these rules require the defendant to file a written answer with the clerk who issued citation, (11) contain address of the clerk, and (12) shall notify the defendant that in case of failure of defendant to file an answer, judgment by default may be rendered for the relief demanded in the petition. The citation shall direct the defendant to file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof. The requirements of Subsections 10 and 12 shall be in the form set forth in Section c of the rule.[18] The citation shall also include the following notice to the defendant: "You have been

---

**15.** Tex.R. Civ. P. 107.

**16.** Tex.Rev.Civ. Stat. Ann. art.2031b (Vernon 1964). This was a precurser to the present long arm statute cited above.

**17.** *Capitol Brick, Inc.,* 722 S.W.2d at 400 (citing *Mullane v. Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950)).

**18.** Tex.R. Civ. P. 99(b).

sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." [19]

■ The Secretary of State's certificate of process, however, does not place on file the information contained in the citation sent to Onyx. We hold that the filing of the Secretary of State's certificate does not comply with the requirement of Rule 107 that the citation be on file.

In the present case, TVSG suggests its intention to follow the proper procedure in its cover letter to the Secretary of State sending the two copies of the original citation and the original petition for forwarding to the defendant.

The letter stated as follows:

We have retained the original citations in our file. After the signed green receipt cards have been returned to our office, we will then complete the officer's certificate of service portion that is set forth on the reverse side of the citations, and file these originals with the District Court.

The record does not reflect that the original citation was ever filed with the district court.

Because the citation was not on file for ten days as required by Rule 107, TVSG did not meet its burden of showing strict compliance with Rule 107. For this reason, an error is apparent on the face of the record, and the default judgment in this case must be set aside. We need not address Onyx's other contentions. This point of error is sustained.

The judgment is reversed and the cause is remanded to the trial court.

ROSS, Justice, dissenting.

Because the majority opinion is in conflict with the clear holding of the Texas Supreme Court in *Capitol Brick, Inc. v. Fleming Mfg. Co.*, I respectfully dissent. In *Capitol Brick*, the Supreme Court held that, absent fraud or mistake, a certificate from the Secretary of State's office is conclusive evidence that the Secretary of State received service of process and forwarded the process as required. There was no evidence of fraud or mistake in the instant case, and the Secretary of State's certificate is conclusive evidence 1) that the Secretary received service of process in accordance with Section 17.044 of the Texas Civil Practice and Remedies Code, and 2) that the Secretary, in accordance with Section 17.045 of the same code, forwarded a copy of the process to Onyx TV at the address that Onyx admits is its correct home office address.[1]

The majority seeks to distinguish *Capitol Brick* from the instant case by pointing out that the court in *Capitol Brick* "was not dealing with the ten day requirement for the citation to be on file, but rather whether service of process had been shown." (Majority opinion, p. 430) However, the instant case is not about the ten day requirement of Rule 107,[2] but about whether or not the filing of a certificate from the Secretary of State's office, instead of the citation itself is sufficient to show service of process. In *Capitol Brick*, the Supreme Court said that, in the absence of fraud or mistake, the filing of the certificate is sufficient. I do not believe we should depart from this clear pronouncement.

Because the certificate of the Secretary of State's office was conclusive evidence that Onyx was served in a manner re-

19. *Id.* at (c).

1. Onyx responded to the clerk's notice of entry of a default judgment mailed to the same address.

2. It is undisputed that the Secretary of State's certificate was on file in the instant case for more than ten days when the default judgment was entered.

quired by law, I would overrule this contention by Onyx. I would also overrule their other contentions and affirm the default judgment.