# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00244-CV

**Robert Hunt, Appellant**

**v.**

**David Yepez d/b/a Austin Nursery & Landscape, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. 273514, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Robert Hunt perfected this restricted appeal from a default judgment rendered against him on January 15, 2004. *See* Tex. R. App. P. 30. In one issue on appeal, Hunt[1] contends that the judgment must be reversed and remanded because appellee David Yepez d/b/a Austin Nursery & Landscape ("Yepez") failed to comply with the applicable rules governing service of process. We reverse the judgment and remand.

---

[1] The original petition names Robert Hunt and Liza Hunt as defendants and declares that they are individuals doing business as H & H Landscape. Lisa Hunt, the defendant's correct name, was non-suited. H & H Landscape, Inc., is not an assumed name of Robert or Lisa Hunt but rather a corporation in which the Hunts are officers. The judgment was against Robert Hunt, not Robert Hunt d/b/a H & H Landscape.

## Background

We note first that Yepez did not file a brief. When an appellee does not file a brief, the appellate court may accept any factual statement made in appellant's brief as true. *See* Tex. R. App. P. 38.1(f) (court will accept as true facts stated unless another party contradicts them); *Roberts v. Roberts*, 990 S.W.2d 424, 439 (Tex. App.—El Paso 1999, no pet.) (construing Tex. R. App. P. 38.1(f)).

Hunt meets the requirements to bring a restricted appeal: he was a party to the suit; he did not participate in the actual trial of the case; he did not timely file a post-judgment motion, a request for findings of fact and conclusions of law, or an ordinary notice of appeal; and the restricted appeal is filed within six months of the judgment. *See* Tex. R. App. P. 30; *Coronado v. Norman*, 111 S.W.3d 838, 840 (Tex. App.—Eastland 2003, pet. denied). The standard of review in a restricted appeal is the same as an ordinary appeal. *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). The entire case is reviewed, subject to the restriction that the error must appear on the face of the record. *Id.*; *see also General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex. 1991) (absence from record of affirmative proof does not establish error). The court considers all papers on file in the record to determine whether an error on the face of the record exists. *Norman Communications*, 955 S.W.2d at 270.

A restricted appeal is a direct attack on a judgment. *See Lewis v. Ramirez*, 49 S.W.3d 561, 564 (Tex. App.—Corpus Christi 2001, no pet.). In a direct attack on a default judgment, there are no presumptions in favor of valid issuance, service, and return of citation. *Primate Constr., Inc.*

*v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Dolly v. Aethos Communication Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.). To sustain a default judgment based on substituted service, a plaintiff has the burden to prove that the defendant was served in the manner provided by the applicable statute. *Dolly*, 10 S.W.3d at 388; *Bank of Am., N.T.S.A. v. Love*, 770 S.W.2d 890, 891 (Tex. App.—San Antonio 1989, writ denied). There must be strict compliance with the rules relating to the issuance of citation, the manner and mode of service, and the return of process. *Onyx T.V. v. T.V. Strategy Group, LLC*, 990 S.W.2d 427, 429 (Tex. App.—Texarkana 1999, no writ). The plaintiff must affirmatively show strict compliance. *Id*. Virtually any deviation will be sufficient to set aside the default judgment in a restricted appeal. *Becker v. Russell*, 765 S.W.2d 899, 901 (Tex. App.—Austin 1989, no writ).

## Discussion

### *Substituted Service*

Hunt was served using substituted service. Substituted service may only be accomplished "[u]pon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found . . . ." Tex. R. Civ. P. 106(b).

The private process server made one attempt to serve Hunt at the address listed in the plaintiff's original petition. The affidavit in support of substituted service stated that the address was that of a building with "RPM Machine" occupying one side of the premises and with the other side

3

vacant. Service was then attempted at "the address provided for service in another lawsuit I [the process server] was attempting to deliver" to Hunt at 212 Investment Loop, Hutto, Texas, 78634. On his first attempt at service at the Hutto address, the process server encountered a woman who identified herself as Hunt's daughter, who said that Hunt was out of town, was "in and out," and "hard to catch." Five days later service was attempted at the same address, and a man informed the process server that Hunt was out and it was unknown when he would return. Three days later, the process server "found the business known as H & H Landscape, Inc. closed."[2] There was a delivery notice from UPS on the door; on the front of this notice was printed, "Please deliver to 214 Marvin Cove, Hutto or return on Mon." The process server then went to 214 Marvin Cove, where Hunt's daughter informed him that Hunt's address was 143 Marvin Cove. Although the process server went to that address and heard "sounds of life movements coming from inside," he received no response to his knocking.

The affidavit nowhere stated that any of the addresses at which service was attempted were Hunt's "usual place of business" or "usual abode." *See* Tex. R. Civ. P. 106(c). Although the suit was against Hunt d/b/a H & H Landscape, and a business called H & H Landscape, Inc. was located at the 212 Investment Loop address, nothing in the affidavit established that as Hunt's usual place of business, usual place of abode, or a place where he could probably be found."[3] One person

---

[2]  This was the first time the affidavit mentioned that H & H Landscape was located at this address.

[3]  According to Hunt, the business had moved. A letter sent to Hunt at H & H Landscape, Inc.'s mailing address informing him of the judgment reached him without problem.

4

can own or operate more than one business. In fact, the process server was repeatedly told that Hunt was *not* easy to find at the 212 Investment Loop address. It was a reasonable inference that leaving the citation affixed to the door of that business would not be "reasonably effective to give defendant notice of the suit." Similarly, the affidavit did not state that the Marvin Cove address was Hunt's usual abode.

The record does not show that plaintiff strictly complied with the requirements for substituted service. Further, there is also an irregularity in the return of service.

### *Return of Service*

Under Rule 107, "[the] return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified." Tex. R. Civ. P. 107. The return of service is not a trivial, formulaic document. *Primate Constr.*, 884 S.W.2d at 152; *Frasier v. Dikovitsky*, 144 S.W.3d 146, 148 (Tex. App.—Texarkana 2004, no pet.). The return is prima facie evidence of the facts recited therein. *See* Tex. R. Civ. P. 21a; *Primate Constr.*, 884 S.W.2d at 152. The one requesting service, not the process server, must see that service is properly accomplished. *Primate Constr.*, 884 S.W.2d at 152-53. Further:

> This responsibility extends to seeing that service is properly reflected in the record. The Rules of Civil Procedure allow for liberal amendment of the return of service to show the true facts of service. If the facts as recited . . . are incorrect and do not show proper service, the one requesting service must amend the return prior to judgment.

5

*Id.* at 153.

The sworn affidavit of delivery attached to the return of service stated that the citation and petition were served on November *3*9, 2003. (Emphasis added.) Although the impossible date of November 39 might appear to be a minor typographical error, the date of appellant's answer and the earliest date on which a default could be taken hinges on the date of service. *See* Tex. R. Civ. P. 107. November 39 could be November 19, 29, or even 30, depending on which number was the typographical error. Whether the due date was November 19, 29, or 30, makes a difference for when the answer was due. To create further confusion, the unsworn part of the return said it was delivered on November 28, a date that does not match the sworn date.

This Court has opined that neither the time of receipt or time of service of the citation is redundant or surplusage. *TAC Ams. Inc. v. Boothe*, 94 S.W.3d 315, 320 (Tex. App.—Austin 2002, no pet.) (impossible for service to occur earlier than "came on to hand" time; service time ten minutes earlier than "came on to hand" time). "[W]e cannot ignore temporal references in the citation's return that are nonsensical and incapable of reconciliation." *Id.* at 321. Although one could argue that "39" should simply be read as "28" or "29" in light of the earlier reference to "28," strict compliance with the requirements for the return of service is required, *see Onyx T.V.*, 990 S.W.2d at 429, and virtually any deviation will be sufficient to set aside the default judgment, *see Becker*, 899 S.W.2d at 900. As the sworn return is prima facie evidence of the facts recited therein and thus prima facie evidence of an impossible date of service, we conclude that the return fails to comply with Rule 107. It was the plaintiff's burden to amend the return to reflect a true and possible date of service. *See Primate Constr.*, 884 S.W.2d at 153.

6

**Conclusion**

Accordingly, having concluded that Yepez failed to demonstrate strict compliance with the rules governing substituted service and return of process, we reverse the default judgment and remand for further proceedings.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Remanded

Filed:   August 24, 2005