NUMBER 13-06-525-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.
 


CARTER ALLEN ROBINSON, Appellee.

 


On appeal from the 370th District Court 


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 The Texas Department of Public Safety (TDPS) brings this restricted appeal from
an order expunging Carter Allen Robinson's criminal records. See Tex. R. App. P. 30. 
Because the trial court did not comply with the statutory requirements for expunction,
we reverse and set aside the order of expunction.

I. Restricted Appeal

 A restricted appeal is only available to a party:

 who did not participate--either in person or through counsel--in the
hearing that resulted in the judgment complained of and who did not
timely file a postjudgment motion or request for findings of fact and
conclusions of law, or a notice of appeal within the time permitted by
Rule 26.1(a).


Tex. R. App. P. 30. The appeal must be brought within six months after the date of
judgment by a party to the suit who did not participate in the trial, and error must be
apparent from the face of the record. See Quaestor Invs. Inc. v. Chiapas, 997 S.W.2d
226, 227 (Tex. 1999) (per curiam); Tex. Dep't of Pub. Safety v. Panngasiri, 945
S.W.2d 276, 277 (Tex. App.-El Paso 1997, no writ). TDPS was a party to the suit
and, on September 18, 2006, mailed its notice of appeal that was filed on September
22, 2006--within six months of the trial court's March 20, 2006 expunction order. 
See Tex. R. App. P. 9.2(b) (providing that a document is timely filed if received within
ten days after the filing deadline and, among other things, is deposited in the mail on
or before the last day for filing). Further, TDPS did not participate in the trial. Thus,
we must determine whether error is apparent from the face of the record.

II. Factual and Procedural Background

 According to the record, Robinson filed his petition for expunction on January
17, 2006. TDPS was one of six agencies listed that was entitled to notice of the
expunction hearing. The trial court set the expunction hearing for March 20, 2006;
however, service of the petition and notice of the hearing were provided exclusively
to the district attorney in a manner other than certified mail, return receipt requested. 
TDPS, as well as all other respondents, did not receive notice of the petition or the
hearing on the petition. The trial court entered its order of expunction on March 20,
2006.

III. Statutory Requirements for Expunction 

 The right to an expunction is a statutory privilege not found in the common law
or the constitution. Harris v. State, 733 S.W.2d 710, 711 (Tex. App.-San Antonio
1987, no writ). Where a cause of action is created by statute, all statutory provisions
are mandatory and exclusive, and must be complied with to sustain the action. Harris
County Dist. Attorney's Office v. Lacafta, 965 S.W.2d 568, 569 (Tex. App.-Houston
[14th Dist.] 1997, no pet.). This also applies to the procedures for obtaining an
expunction set forth in article 55.02 of the Texas Code of Criminal Procedure. Tex.
Dep't of Pub. Safety v. Deck, 954 S.W.2d 108, 112 (Tex. App.-San Antonio 1997,
no writ) (op. on reh'g) (en banc). Section 2(c) provides that "the court shall set a
hearing on the matter no sooner than thirty days from the filing of the petition and
shall give reasonable notice of the hearing to each . . . agency . . . named in the
petition by certified mail, return receipt requested, and such entity may be represented
by [its] attorney." Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c) (Vernon 2006). 

IV. Analysis

 By a single issue, TDPS contends that because the trial court heard the matter
without service of the petition or notice of the setting to all respondents to the
petition, the order which resulted from the hearing should be set aside. We agree.

 

 It is apparent from the face of the record that the statutory conditions for
expunction were not met. Where the record does not show that the agency was given
notice in accordance with the expunction statute, the proceeding was conducted in
violation of the statute and the expunction order must be set aside. Deck, 954
S.W.2d at 112; Rodriguez v. T. M. B., 812 S.W.2d 449, 450-51 (Tex. App.-San
Antonio 1991, no writ); Tex. Dep't of Pub. Safety v. Riley, 773 S.W.2d 756, 758
(Tex. App.-San Antonio 1989, no writ). We conclude that the face of this record
reflects a proceeding in direct violation of the statute. TDPS's issue is sustained.

V. Conclusion 

 Because the record reflects that the proceeding was conducted in direct
violation of the statute, we reverse and set aside the trial court's expunction order. (1)

 


 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 9th day of August, 2007.
1. We note that when an expunction order is reversed and set aside, it is reversed and set aside
as to all agencies in possession of relevant criminal records. Ex parte Elliot, 815 S.W.2d 251, 252 (Tex.
1991) (per curiam); Tex. Dep't of Pub. Safety v. Katopodis, 886 S.W.2d 455, 458 (Tex. App.-Houston
[1st Dist.] 1994, no writ). Thus, in this case, we reverse and set aside the order as to the Texas
Department of Public Safety, the Hidalgo County Sheriff's Office, the Hidalgo County District Clerk's
Office, the Edinburg Independent School District, Hidalgo County District Attorney's Office, and the
Federal Bureau of Investigation.